UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

United States of America,

Plaintiff,

vs. ORDER

Douglas R. Askegard, individually and as personal representative of the Estate of Gladys M. Askegard; David Askegard; Wayne Aslesen; Aileen Askegard Clough, individually and as trustee of the Clough Family Trust, and John Doe, trustee of the Clough Family Trust,

Defendants. Civ. No. 01-845(RHK/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 24th day of October, 2002.

* * *

On September 12, 2002, this Court issued a Settlement Conference Order, which advised that a the Conference would be conducted before the undersigned United States Magistrate Judge at 8:30 a.m. on Thursday, January 9, 2003, Court Room 2, United States Courthouse, 118 South Mill St., Fergus Falls, Minnesota. The Settlement Conference Order requires that trial counsel, and a representative of each party with authority to enter into a compromise settlement agreement, must be in attendance at the Conference. As the Order makes clear, this Court utilizes the

(19)

OCT 2 2002

format of a Summary Trial before the Magistrate Judge in order to facilitate settlement. To date, the Court has found this settlement technique to be highly effective in focusing the attention and the interest of the parties on the strengths and weaknesses of their respective positions. This settlement approach also relieves trial counsel from translating, at times subjectively, the merits of each side of a case to a distant third-party.

In response to the Settlement Conference Notice, the Government has moved the Court for an Order that would excuse it from the requirement that a representative with full authority to enter into a compromise settlement agreement attend the Conference or, in the alternative, has sought an Order that would stay those portions of the Settlement Conference that require an official with full settlement authority to appear on behalf of the United States. As support for these Motions, the Government has reminded the Court of the internal structure of the pertinent Federal agencies which are involved in this litigation, and has underscored the practical difficulties of compelling the attendance of a representative of those agencies who has full settlement authority.

We are, of course, mindful of the logistical difficulties that have been accented by the Government, and we are fully aware of the strictures contained in Section 473(b)(5) of the Judicial

Improvements Act of 1990, Pub. L. No. 101-650, 104 Stat. 5089, 5093 (1990). We are also mindful of the Guidelines to Promote Just and Efficient Government Civil Litigation that are prescribed by Executive Order No. 12778, 56 F.R. 55195 (October 23, 1991), and that are instructive in encouraging the United States Government to set an example for private litigants by adhering to "higher standards" in the conduct of Government litigation, inclusive of good faith efforts to amicably resolve a dispute. See, e.g., Title 28 U.S.C. §519, Section 1(b).

The Government has also directed our attention to the thoughtful decision of the United States Court of Appeals for the Fifth Circuit in In re Stone, 986 F.2d 898 (5th Cir. 1993). There, the Court considered whether the District Courts have the inherent authority to require any party, including the United States Government, to have a representative, with full authority to compromise a claim, present at a settlement conference. Although the clear holding of the Court is in the affirmative, the Court was careful to condition the exercise of such authority on the presence of extraordinary circumstances which could not reasonably be ameliorated by less drastic means.

On prior occasions, we have been confronted by similar Motions by the same Federal agency that is involved here. On one such occasion, the absence of settlement authority was an impediment to

a serious effort to compromise but, on another occasion, a fairly complicated settlement was effectuated in the absence of an authorized representative with full settlement authority. Accordingly, we ascribe substantial importance to the following guidance of the Court in In re Stone:

> We conclude that the district court abused its discretion in routinely requiring a representative of the government with ultimate settlement authority to be present at all pretrial or settlement conferences. We do not suggest that the district court can never issue such an order, but it should consider less drastic steps before doing so.
>
> For example, the court could require the government to declare whether the case can be settled within the authority of the local United States Attorney. If so, the court could issue an order requiring the United States Attorney to either attend the conference personally or be available by telephone to discuss settlement at the time of the conference.
>
> According to the government at argument, most of its routine litigation can be settled within the United States Attorney's authority. Where that is not so, and failure of the government to extend settlement authority is a serious, persistent problem, substantially hampering the operations of the docket, the court could take additional action, such as requiring the government to advise it of the identity of the person or persons who hold such authority and directing those persons to consider settlement in advance of the conference and be fully prepared and available by telephone to discuss settlement at the time of the conference. Finally, if the district court's reasonable efforts to conduct an

> informed settlement discussion in a particular case are thwarted because the government official with settlement authority will not communicate with the government counsel or the court in a timely manner, the court, as a last resort, can require the appropriate officials with full settlement authority to attend a pretrial conference.

Notably, our Settlement Conference Order is individualized and is not a standing general Order, and the presence of an authorized settlement representative is essential to the effectiveness of the Summary Trial the Order mandates. Nevertheless, we will accede to the request of the Government and relieve it of the requirement to have an authorized settlement representative personally present at the Settlement Conference, except to the extent that the United States Attorney for the District of Minnesota, or his designee, should have the authority, or can be delegated the authority, to negotiate a compromise.

If, as a result of the Court's Order, negotiations are frustrated by the absence of such settlement authority -- which the Court does not anticipate will arise -- the Court will exercise, on an individualized basis, an appropriate mechanism by which the Court can effectively and efficiently control its docket consistent with the mandate of Rules 1 and 16, Federal Rules of Civil Procedure.

NOW, THEREFORE, It is --

ORDERED:

1. That the Government's Application shall be, and hereby is, GRANTED to the extent that it requests that a representative of the Government, with full settlement authority, need not be physically present at the Settlement Conference in this matter, except insofar as the United States Attorney for the District of Minnesota, or his designee, has the authority or has been delegated the authority to fully compromise the merits of this action; in which case an appearance by that authorized representative is required.

2. That, in the event that the United States Attorney for the District of Minnesota neither has, nor has been delegated, the full authority to settle this matter, a representative of the Government, who shall have full and final settlement authority, shall be available by telephone during the entire duration of the Settlement Conference.

3. That the remaining terms and conditions of this Court's Order of September 12, 2002, shall continue in full force and effect.

BY THE COURT:

Raymond L. Erickson
United States Magistrate Judge