UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>DOUGLAS R. ASKEGARD, individually and as personal representative of the ESTATE OF GLADYS M. ASKEGARD; DAVID ASKEGARD; WAYNE ASLESEN; AILEEN ASKEGARD CLOUGH, individually and as trustee of the CLOUGH FAMILY TRUST, and JOHN DOE, trustee of the CLOUGH FAMILY TRUST,<br><br>Defendants. | ) | Civil No. 01-845 (RLE) |

UNITED STATES' MEMORANDUM IN SUPPORT
OF ENTITLEMENT TO INTEREST ON JUDGMENTS

The United States submits this brief to support its position that, as a matter of statutory law, it is entitled to interest on the judgments to be entered against defendants; and that no legal or equitable authority permits the court to reduce or abate the interest.

## INTRODUCTION

The Court rendered its findings of fact, conclusions of law, and order for entry of judgment in this estate tax case on January 6, 2005. The parties were not able to agree on the form of the final judgment, and on January 19, 2005, each party submitted a proposed judgment to the Court. Following a February 3, 2005, telephone status conference, the parties were given until February 18, 2005, to brief several issues raised during the conference, some of which the parties have now resolved. The February 18 briefing deadline was extended to March 2, 2005, but the defendants filed their supporting brief on Friday, February 25, 2005. Because the parties

agreed to file their briefs simultaneously (and not wishing to appear advantaged by defendants' early filing), the United States did not read defendants' brief before preparing this brief.

AGREED ISSUES

After several discussions, the parties reached agreement on the first two issues.

1. Collection

The parties agree that the United States is entitled to collect the unpaid estate tax[1] once, and that it may collect the unpaid amount from multiple sources, that is, the various defendants. The defendants are jointly and severally liable. The United States may look to each defendant for part or all of the unpaid amount due, but the total collected will not exceed the judgment in its entirety, i.e., the unpaid estate tax plus statutory interest.[2] Their respective exposure to collection is limited by the judgment to be entered against them, which in the United States' view, should equal the value of property each received plus statutory interest thereon from the date they received the property.[3]

2. Litigation Costs

The parties agree the United States is entitled to litigation costs under 28 U.S.C. Sections 1920, 1921, and 1923. In counsel's last discussion, the United States estimated its costs would total approximately $2,500. The costs are as follows: $365.92 for deposition of Douglas Askegard; $494.40 for telephonic depositions of Aileen Clough, David Askegard, and Wayne

[1]The United States seeks interest on all the judgments to be entered (in accord with the complaint), with accrued interest, as of a date certain, plus accruing interest, included in the total amount due. See discussion, *infra*. The defendants disagree.

[2]See footnote one, above.

[3]The United States seeks accrued and accruing interest on these amounts from the date each defendant received the property. See footnote one, above.

Aslesen; $833.50 for transcript of trial used to prepare post trial briefs; $115.00 for certified copies of deeds used as trial exhibits; $20.00 docket fee; $80.00, U.S. Marshal service of process fees for serving summonses on defendants; $ 276.00 for 4 sets of trial exhibits, each containing 460 pages (15 cents per page). The litigation costs total $2,184.82.

3. Applicable Rate of Interest

In their discussions, the parties were able to narrow the interest issues and agree that 28 U.S.C. § 1961(c)(1) applies to the judgments to be entered. The parties also agree that the applicable rate of interest is the underpayment rate under § 6621 of the Internal Revenue Code (IRC). See 26 U.S.C. § 6621(a)(2) and § 6621 (b).

DISPUTED ISSUES

The United States understands that defendants intend to raise the following issues:

1) whether the United States is entitled to interest on the judgments to be entered against the defendants; and

2) if so, can the interest be abated under IRC § 6404(e)?; or

3) can the Court reduce the award of interest using its equitable powers?

The defendants argue that the United States cannot recover interest on a tax that has gone unpaid for over two decades, notwithstanding that interest on tax is mandatory and set by statute. Defendants claim the United States was dilatory in commencing its suit to collect the unpaid estate tax, and should not benefit from the delay. Accordingly, an award of interest in part or in full, would only reward the United States' actions. In addition, defendants claim the court has the authority to abate the interest under either IRC § 6404(e) or its equitable power.

The United States disagrees. The United States is entitled to interest on the judgments as a matter of law and judgment should be entered in the form proposed by the United States. Further, the § 6404 provisions empower only the "Secretary [of the Treasury]" - not a court - to abate interest. Section 6404 IRC is simply not relevant and does not authorize a court to abate interest. Finally, an award of interest on the judgments is mandatory and not discretionary. But even if it were discretionary, this case is not suitable for its exercise. The taxpayers reneged on their promises to pay the deferred tax and to maintain the properties pledged to secure their promise, and were not forthcoming when they failed. The equities weigh in favor of the United States.[4]

**A. The United States is entitled to interest as a matter of law.**

There can be no question that the United States is entitled to recover interest on the Estate's unpaid liability. "The tax code does not contemplate the interest-free use of government funds."[5] Interest on unpaid tax, which compensates the Government for the delayed payment, accrues by operation of I.R.C. § 6601.[6] It is a matter of law—the Government does not need to

[4]See Findings of Fact, Conclusions of Law, and Order for Judgment (Decision), p. 10 (foreclosure action did not come to IRS' attention by virtue of any disclosure by Askegard, until December of 1992); p. 12, n. 6 (IRS not informed of foreclosure of Lot 2 in 1985); p. 20-21, ¶ 4 (defendants have no defense other than the statute of limitations); and p. 29, ¶ 1 (Askegard or legal representatives were aware of need to secure extensions, which they routinely obtained, through November of 1990, without so much as suggesting what he, and his fellow heirs, were doing with the Estate's assets); p. 30 (IRS' notice and demand was not unreasonably delayed).

[5] *Holland v. United States*, 873 F.2d 1321, 1322 (9th Cir. 1989).

[6] *See Grauvogel v. Commissioner*, 768 F.2d 1087, 1090 (9th Cir. 1985) (holding that interest under I.R.C. § 6601 "is not a penalty for late payment but merely compensation for delayed payment in the nature of interest on a loan.").

offer any evidence or proof of the amount of interest due.[7] Interest is "mandatory," and it has been held "manifest error" to deny the United States interest on unpaid tax.[8] Even Courts applying equitable recoupment, have allowed the recoupment of interest.[9]

**B. The Statutes Themselves Require Interest.**

The "Internal Revenue Code treats interest on a tax liability as an integral part of the liability itself."[10] As the Court of Claims put it, "[t]he hair is to go with the hide."[11] Section

[7] *See United States v. Schroeder*, 900 F.2d 1144, 1150 n.5 (7th Cir. 1990) (holding that because interest accrues by operation of statute, "the amount owed is a matter of law, not of evidence. It is not something the government must prove at trial.").

[8]*See Ghandour v. United States*, 37 Fed. Cl. 121, 127 (1997) (holding that "because the statute [§ 6601] is couched in mandatory language, it does not grant authority ... to the government to eschew the ultimate assessment of interest ... ."); *Matter of Carlson*, 126 F.3d 915, 920 (7th Cir. 1997) ("Section 6601(a) states that when taxes are late, interest 'shall be paid'; ... interest assessments were therefore mandatory and proper ... ."); *Johnson v. United States*, 602 F.2d 734, 738-39 (6th Cir. 1979) (holding that district court erred in reducing interest owed on tax in light of the "mandatory provisions of section 6601(e)(3)"); *United States v. Colorado Mufflers Unlimited, Inc.*, 116 Fed. Appx. 218, 223 (10th Cir. 2004) (unpublished) (holding that because "prejudgment interest is mandated by statute and the amount owed is a matter of law, not evidence," district court's failure to award United States pre-judgment interest in erroneous refund suit was a "manifest error of law"); *In re Mitchell*, No. 02-2720-CH, 2004 WL 3088638, at *2 (Bankr. S.D. Iowa Nov. 3, 2004) ("The tax court did not waive the interest on that debt. Pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, the interest automatically accrues on that debt.").

[9] *See E.I. DuPont de Nemours & Co. v. United States*, 147 F. Supp. 486, 494 (Ct. Cl. 1957) (allowing the Government to equitably recoup interest); *Rogers v. United States*, No. 97-2666-JWL, 2000 WL 382015 (D. Kan. Mar. 17, 2000) (noting, in the context of deciding whether to allow costs, that the court had awarded plaintiffs interest under the doctrine of equitable recoupment).

[10]*Fisher v. United States*, 80 F.3d 1576, 1580 (Fed. Cir. 1996) (holding that the United States was entitled to recover interest under the theory of setoff because interest is part of the tax liability).

[11]*Alexander Proudfoot Co. v. United States*, 454 F.2d 1379, 1382 (Ct. Cl. 1972) ("The Code's design for such interest is to assimilate it to the tax itself. ... For a long time, deficiency interest has been so closely braided to principal that it has been deemed an integral part of the tax.").

6601(e) of the IRC, provides that, as a general rule, interest on tax underpayments "shall be assessed, collected, and paid in the same manner as taxes," and any reference in the Code "to any tax imposed by this title shall be deemed also to refer to interest imposed by this section on such tax." Courts have repeatedly treated interest the same as the underlying tax liability.[12] The only limitation on collecting interest, is that it must be collected during the period within which the tax to which such interest relates may be collected, see § 6601(g), IRC, and this suit to collect the unpaid estate tax was timely filed.

Because interest is part of the tax for purposes of assessment, collection, and payment, both law and logic dictate that it should be included in the present judgments. To hold otherwise, would contravene the statutes' express language. Section 6601(a) provides that "[i]f any amount of tax . . . is not paid on or before the last date prescribed for payment, interest on such amount at the underpayment rate . . . shall be paid for the period from such last date to the date paid."

**C. Calculations of Interest**

Since the United States is not certain whether the parties disagree on when interest on the judgments begins to run, a brief recitation of the United States' position seems appropriate. The United States seeks interest against the individual defendants (except Douglas Askegard),

---

[12] *See, e.g.*, *Gannet v. United States*, 877 F.2d 965, 967 (Fed. Cir. 1989) ("Section 6601(e)(1) ... treats accrued interest as part of the unpaid tax"); *In re Mark Anthony Constr., Inc.*, 886 F.2d 1101, 1107 (9th Cir. 1989) (in holding that in bankruptcy post-petition interest should be treated the same as the underlying tax liability, court cited § 6601(e)(1) and reasoned that "a rule which treats interest in the same manner as the underlying tax is consistent with the general treatment of taxes and interest . . . in the tax laws"); *Nuttelman v. Vossberg*, 753 F.2d 712 (8th Cir. 1985) (relying on § 6601(e)(1), court held that for purposes of the Anti-Injunction Act, I.R.C. § 7421, interest and the underlying tax liability are treated alike); *Pan American Van Lines v. United States*, 607 F.2d 1229, 1303 (9th Cir. 1979) (citing § 6601(e)(1), court held that if, under the Bankruptcy Act, the underlying tax liability was discharged, the interest on such liability must also be discharged).

commencing on the date they each received property. For example, Eileen Clough received some real estate on July 26, 1983, and interest should commence on that date. See Count II, ¶ 29 of the Complaint. The judgment sought against the Estate is the total of unpaid estate tax plus the accrued and accruing interest, as of July 1, 2000. See Count I, ¶ 25 of the Complaint. Douglas Askegard transferred property to the heirs on various dates and accordingly, interest begins to run against him on each transfer from the date of each transfer.

**D. IRC § 6404(e) Does Not Apply**

The defendants' contention that interest may be abated by the court, in part or in whole, under § 6404(e) of the IRC, is simply wrong. By its terms, only the Secretary (of the Treasury) - not a court - is authorized to abate interest on the unpaid portion of assessed tax liabilities. See § 6404(e)(1), IRC. Moreover, the Secretary's authority is limited to certain circumstances, none of which are present here. See § 6404(e)(1)(A) and (B), IRC.

Prior to its amendment in 1996, a "host of circuits held that interest abatement decisions under § 6404(e)(1) were within the sole discretion of the Secretary and beyond the reach of judicial review."[13] Congress amended the statute in 1996, providing, *inter alia*, the United States Tax Court with jurisdiction over reviews of abatement denials.[14] Even now, however (and not conceding that §6404(e) as amended, applies), the decision whether to abate interest is still

[13]*Hinck v. United States*, 2005 W.L. 318691 (Fed.Cl.)(court lacks jurisdiction over Secretary's decision to abate interest)(citing *Argabright v. United States*, 35 F.3d 472, 476 (9th Cir. 1994); *Selman v. United States*, 941 F.2d 1060, 1064 (10th Cir. 1991); *Horton Homes, Inc. v. United States*, 936 F2d 548, 5545 (11th Cir. 1991)).

[14]See Taxpayer Bill of Rights II, Pub.L. No. 104-168, §§ 301(a), 302(a), 110 Stat. 1452 (1996).

"committed to agency discretion by law."[15] Defendants have made no claim to the IRS and there is nothing for this court to review.

Similarly, any claim that interest should be abated under § 6404(e), IRC, because the United States unreasonably delayed in filing this suit, also fails. The court found the suit timely.[16] See Decision, page 30. The court also found that service of the notice and demand (required before IRS could accelerate the payments), was not unreasonably delayed. *Id.*

**E. The United States is Entitled to Interest Against Each Defendant.**

There is no basis for reducing the interest due to the United States to less than the accrued and accruing amounts as defendants urge. "[C]ongress did not intend courts to read other unmentioned, open-ended 'equitable' exceptions into the statute that it wrote."[17] Here, as in *Brockamp*, the statutes requiring that interest be included in judgments, see ¶s A and B, above, do not permit the exercise or consideration of equitable principles, thereby altering, the plain text of the statutes at issue. *Id.*

While defendants argue that the tax burden would have been less had suit been brought sooner, it was defendants' own conduct that resulted in the tax not being paid and in the substantial increase of the amount owed, due in large part, to accruing interest. The defendants have benefitted from the unfettered use of the property each received from the Estate, and have

[15] *Hinck v. United States*, 2005 W.L. 318691 (Fed.Cl.)(Court of Federal Claims lacks jurisdiction over Secretary's decision to abate interest and rejecting *Beall v. United States*, 336 F.3d 419 (5th Cir. 2003) construing new version of § 6404).

[16] The IRS has ten years (after the assessment of tax) within to collect the unpaid tax liabilities, and that period is extended by suspension of the collection statute during the § 6166 election period. See §§ 6502 and 6503(d), IRC.

[17] *United States v. Brockamp*, 519 U.S. 347, 352 (1997)(holding IRC § 6511 not subject to general equitable tolling by courts).

enjoyed that bounty for the past two decades. The entry of judgments with interest on the judgments should be entered against the defendants because it is not only required by law, it is appropriate.

Respectfully submitted,

THOMAS B. HEFFELFINGER
United States Attorney

s/ Mary E. Bielefeld
MARY E. BIELEFELD, DC # 384603
Senior Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 7238, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 514-9375
Fax: (202) 514-6770
Email: mary.e.bielefeld@usdoj.gov
Central.taxcivil@usdoj.gov

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that service of the foregoing UNITED STATES' MEMORANDUM IN SUPPORT OF ENTITLEMENT TO INTEREST ON JUDGMENTS has been made upon the following through the Court's Electronic Filing System on this 2nd day of March, 2005.

John J. Jensen, Esquire
PEARSON CHRISTENSEN
24 North 4th Street
P.O. Box 5758
Grand Forks, ND 58206-5758
Tel: (701) 775-0521
Fax: (701) 775-0524
Email: jjensen@grandforkslaw.com
marie@grandforkslaw.com

s/ Mary E. Bielefeld
MARY E. BIELEFELD, DC # 384603
Senior Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 7238, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 514-9375
Fax: (202) 514-6770
Email: mary.e.bielefeld@usdoj.gov
Central.taxcivil@usdoj.gov