UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 01-845 (RLE) |
| | ) | |
| DOUGLAS R. ASKEGARD, individually and as personal representative of the ESTATE OF GLADYS M. ASKEGARD; DAVID ASKEGARD; WAYNE ASLESEN; AILEEN ASKEGARD CLOUGH, individually and as trustee of the CLOUGH FAMILY TRUST, and JOHN DOE, trustee of the CLOUGH FAMILY TRUST, | ) | |
| | ) | |
| Defendants. | ) | |

UNITED STATES' REPLY TO DEFENDANTS' POST-TRIAL BRIEF
REGARDING INTEREST, COLLECTION, AND COSTS

I. Summary of the Parties' Agreements

The parties agree that the judgment against the Estate should equal the total of unpaid estate tax plus accrued interest as of July 1, 2000, with additional interest accruing according to law.[1] The judgment against the Estate is the maximum the United States may collect from one or all of the defendants. The United States is entitled to collect the unpaid estate tax liabilities once, and collection may be from multiple sources, that is, the various defendants. The United States will look to each defendant for part or all of the unpaid total due (as discussed below), depending on their respective judgment amount, but the total collected from all of them will not exceed the unpaid estate tax plus statutory interest.

[1]See Count I, ¶ 25 of the Complaint.

The parties also agree that the judgments against the individual defendants (except Douglas Askegard) should be, at the very least, equal to the values of the property they received from the Estate.[2] The judgment against Douglas Askegard should be equal to the sum of the property he distributed to the other defendants.

II. Summary of the United States' Position

The United States seeks the entry of judgments against the individual defendants with interest commencing on the date they either received property (Aileen, David, and Wayne) or the dates they transferred property (Douglas).[3] Throughout this case, the United States has sought the entry of judgments with interest according to law.[4] More recently,[5] the United States asked that interest under § 1961(c)(1), 28 U.S.C., be included in all judgments. The underpayment rate of interest provided by § 6621 of the Internal Revenue Code (IRC), applies to all judgments because this is an internal revenue tax case.[6]

The United States is modifying its position regarding interest. The respective liabilities of Aileen, David, and Wayne, as transferees are based on IRC § 6901, and Minnesota law.

The United States now seeks interest pursuant to § 1961(c)(1), 28 U.S.C., at the underpayment interest rate of IRC § 6621, on only the judgments to be entered against the Estate

---

[2]See Defendant's Post-Trial Brief Regarding Interest, Collection, and Costs, page 3, ¶B.

[3]Douglas Askegard transferred property to the heirs on various dates and accordingly, interest begins to run against him on each transfer from the date of each transfer. See United States' Memorandum in Support of Entitlement to Interest.

[4]See the relief sought portion of each Count of the Complaint and the "Whereas" section on the last page summarizing the relief sought.

[5]United States' Memorandum in Support of Entitlement to Interest.

[6]See 26 U.S.C. § 6621(a)(2) and § 6621 (b).

and Douglas Askegard, individually.[7] As to the remaining defendants, Aileen, David, and Wayne, the judgments and interest should be awarded under Minnesota law. See discussion, below.

Alternatively, if the Court declines to include statutory interest in the judgment to be entered against Douglas under §3713(b), 31 U.S.C., then the United States asks that judgment be entered against Douglas under IRC § 6324(a)(2), with interest under § 1961(c)(1), 28 U.S.C.[8] The evidence shows that the decedent transferred her interest in some real property worth $210,000, to Douglas (and his then spouse) in September of 1979, within three years of decedent's death.[9] This property is IRC § 2035, property, a gift by decedent made within three years before her death. Douglas is personally liable as a transferee of this property under the provisions of IRC § 6324(a)(2).[10]

In its complaint, the United States asserted that defendants Aileen, David, and Wayne, were personally liable under IRC § 6324(a)(2), for the unpaid federal estate tax liability to the

---

[7]Since the parties agree that the United States is entitled to interest on the judgment against the Estate, the Estate's liability will not be discussed further.

[8]The September, 1979, gift to Douglas Askegard (and his then spouse) of real property valued at $210,000 is a gift from the decedent within her lifetime and within the three year period before her death in February of 1981. See IRC §2035.

[9]See Government Exh. 1, Schedule G; Trial Transcript, page ?, Douglas Askegard, testified he did not pay the $150,000 note.

[10]The property was valued at $210,000, and Schedule G shows a mortgage payment of $21,000 cash and a promissory note by Douglas and Darla Jo of $189,000 to decedent. The note was never paid. See ¶ 7, Findings of Fact, Conclusions of Law and Order for Entry of Judgment.

extent of the value, at the time of decedent's death, of the property each received plus interest.[11] The United States has determined that the reference to IRC § 6324(a)(2), is incorrect, since the property transferred to the individual defendants, consisting of real estate, farm equipment, and other personalty, is not "property included in the gross estate" under IRC §§ 2034 to 2042.[12] There is no harm to defendants Aileen, David, and Wayne, however, because they received adequate notice of the United States' claims, which remain unchanged. What is being corrected is the legal authority relied on by the United States for the judgments against defendants Aileen, David, and Wayne, and the statutory authority for interest on the judgments. In addition, counsel for the defendants stated at trial, that their only defense was the statute of limitations defense. Otherwise, they did not contest the relief sought by the United States (except for whether interest should be awarded).

III. Recovery of Interest

B. IRC § 6324(a)(2), Transferee Liability for Interest

The defendants argue the United States is not entitled to collect any interest from the individual defendants, citing *Baptiste v. Commissioner*, 29 F.3d 433 (8th Cir. 1994), and *Estate of Stein v. Commissioner*, 37 T.C. 945 (1962). But defendants Aileen, David, and Wayne did not

[11]See Counts II, III, and IV of the Complaint. Section 6324(a)(2), 26 U.S.C., provides that "if the estate tax imposed by chapter 11 is not paid when due, then the spouse, transferee, trustee ... or beneficiary, who receives, or has on the date of the decedent's death, property included in the gross estate under sections 2034 to 2042, inclusive, to the extent of the value, at the time of the decedent's death, of such property, shall be personally liable for such tax."

[12]The types of property included in the gross estate under IRC §§ 2034 to 2042, are those, such as the life insurance proceeds received by the transferee in *Baptiste v. Commissioner,* 29 F.3d 433 (8th Cir. 1994), that pass directly to the beneficiary without going through the hands of the executor. They include dower or curtesy interests, gifts made within 3 years of decedent's death, transfers with retained life estate, transfers taking effect at death, revocable transfers, annuities, joint interests, powers of appointment, and proceeds of life insurance.

receive nonprobate property within the provisions, IRC §§ 2034 to 2042, as in *Baptiste v. Commissioner*, *supra*, nor were they assessed transferee liability under IRC § 6901,[13] as in *Estate of Stein v. Commissioner*, *supra*. Accordingly, neither case is relevant to whether statutory interest should be added to the liabilities of the defendants Aileen, David, and Wayne.

If the judgment to be entered against Douglas Askegard under § 3713(b) does not include interest, the United States' alternative argument regarding Douglas Askegard -- that he received nonprobate property within the provisions of IRC § 2035 for which he is personally liable as a transferee under IRC § 6324(a) – may make the *Baptiste* decision relevant to whether interest should be included in the judgment against Douglas Askegard under IRC § 6324(a). For the reasons discussed below, however, the court should reject the reasoning of the Eighth Circuit in *Baptiste* and award interest to the United States.

1. *Baptiste* Decision is Not Relevant

The *Baptiste* decision involved the transferee liability of two brothers, Gabriel and Richard, who had each received $50,000 in life insurance proceeds from an estate that owed tax and interest in excess of that amount. The life insurance proceeds received by the brothers were part of their father's gross estate. IRC § 2042(2). Under IRC § 6324(a)(2), if an estate tax is not paid when due, a "transferee" who receives such property of the gross estate, is "personally liable for such tax." IRC § 6324(a)(2). The personal liability of the transferee under IRC § 6324(a)(2), however, is limited to "the value, at the time of the decedent's death, of such property" (*ibid.*). The IRS mailed notices of transferee liability to the brothers asserting liability for each in the

[13] Transferee liability is assessed by IRS in the same manner as the taxes with respect to which the liabilities were incurred. The IRS issues a notice of transferee deficiency and the transferee may petition the proposed assessment to the U.S. Tax Court. See § 6901(a), IRC.

amount of $50,000 under IRC § 6324(a)(2), plus interest on that amount under IRC § 6601. Both brothers challenged their transferee liabilities in Tax Court.

a. Tax Court Decision in *Baptiste*

Ultimately, the Tax Court held that interest accrues on a transferee's personal liability under the general provisions of IRC § 6601(a), which provides for the addition of interest to any unpaid tax obligation.[14] Judge Halpern, in his concurring opinion, concluded that transferee liability is not a "tax" liability, to which interest accrues as a matter of law under IRC § 6601(a), but a personal, nontax liability to which the provision for interest on unpaid "taxes," IRC § 6601(a), did not apply. Nevertheless, because IRC § 6901(a), provides that "[t]he liability at law or in equity, of a transferee of property" for an unpaid estate tax is to be treated as a tax liability, and made "subject to the same provisions" as tax liabilities, these "same provisions," would include the interest provision of IRC § 6601(a). The dissenting Tax Court judges concluded that the limitation on transferee liability in IRC § 6324(a)(2) – to the extent of the value of the transferred assets -- precludes the addition of any interest charges that would bring the total liability above that limitation. The brothers appealed the *Baptiste* decision to two different Circuits.

The Eleventh Circuit followed the analysis of Judge Halpern's concurring opinion in the Tax Court and affirmed. *Baptiste v. Commissioner*, 29 F.3d 1533 (11th Cir. 1994). The Eighth Circuit followed the analysis of the dissenting opinion in the Tax Court and, to some degree, of

[14]The Tax Court rejected the argument that IRC § 6324(a)(2), precluded the addition of interest to the $50,000 liability of each brother as transferees, and concluded that the limitation on transferee liability in § 6324(a)(2) – to the value of the property received by the transferee – did not preclude the ordinary addition of interest to that liability after it was so determined.

the Third Circuit's decision in the related gift tax context in *Poinier v. Commissioner*, 858 F.2d 917 (1988), *cert. denied*, 490 U.S. 1019 (1989), and reversed the Tax Court's holding that the transferee was liable for interest. *Baptiste v. Commissioner*, 29 F.3d 433 (8th Cir. 1994), *cert. denied*, 513 U.S. 1190 (1995).

b. Decisions of Eighth and Eleventh Circuits in *Baptiste*

As explained above, the property transferred to defendants Aileen, David, and Wayne, is not property the transfer of which is subject to the provisions of IRC § 6324(a)(2). Instead, the property here is probate property that went through the hands of the personal representative, Douglas Askegard. Thus, the Eighth Circuit's decision in *Baptiste* is not controlling. Even if this Court finds otherwise, the United States asserts *Baptiste* was wrongly decided by the Eighth Circuit for the reasons set forth below.

2. The Eighth Circuit's rationale for denying interest in *Baptiste* should be revisited

Section 6324(a)(2) and (b) of the IRC establish a federal rule of personal liability for transferees with respect to the estate and gift tax. Section 6901 provides for enforcement of those personal liabilities under the same provisions of the Code that apply to the collection of the underlying taxes themselves. The Eighth Circuit's reasoning in *Baptiste*, failed to take account of – or even mention – the provisions of § 6901. That section specifies that the personal liability of a transferee for an estate tax (and of a donee for a gift tax) is to be "assessed, paid, and collected in the same manner and subject to the same provisions and limitations as in the case of the taxes with respect to which the liabilities were incurred" (IRC § 6901(a)). Under this statute, once the personal liability fo the transferee (or donee) is determined – as limited to the amount of property received under §6324(a)(2) and (b) – that liability becomes "subject to" the collection

provisions of the Code. In particular, it becomes "subject to" Section 6601 of the Code, which requires that interest "shall" be added to the liability until "the date paid" IRC 6601(a). The Eleventh Circuit, on the other hand, correctly identified and applied this controlling statutory language in concluding that interest must be added to the transferee's liability. By contrast, in *Poiner v. Commissioner*, and this Circuit, the courts failed even to address, much less to apply, the language of § 6901. By failing to consider the plain effect of this applicable statutory language, the decisions in *Poiner* and *Baptiste* reached an incorrect result.[15] In addition, other courts considering the issue after the Eighth Circuit's decision, have disagreed with its analysis. *See Saigh v. Commissioner*, T.C. Memo 2005-20; *Baptiste v. Commissioner*, 29 F.3d 1533 (11th Cir. 1994).

3. *Estate of Stein* Decision is Distinguishable

Contrary to defendants' claim, the Tax Court decision in *Estate of Stein,* 37 T.C. 945 (1962), is of no assistance to them for the IRS could have, but did not, issue a notice of transferee liability to the individual defendants.[16] In *Estate of Stein,*, unlike the present case, notices of

[15]As the United States Supreme Court has emphasized in *Manning v. Seely Tube & Box Co.*, 338 U.S. 561, 566 (1950), "[i]n the absence of a clear legislative expression to the contrary, the question of who properly should possess the right of use of the money owed the Government for the period it is owed must be answerd in favor of the Government."

[16]To determine the amount of interest to be awarded the Commissioner where a notice of transferee deficiency has been issued (and the Commissioner has met his burden of proving transferee liability), the Tax Court next examines the value of assets transferred and whether that value exceeds or is less than the transferor's unpaid deficiency. Where the value of the assets received by the transferee exceeds the transferor's total tax liability, including penalties and interest, the transferee is held liable for the entire amount of the deficiency with interest under IRC § 6601. *Id.* Where the value of the assets received by the transferee is less than the transferor's total tax liability, the Tax Court looks to applicable state law to determine whether the transferee should be charged with such interest and the starting date of the interest. *See* 14 *Mertens Law of Fed. Income Tax'n*, § 53:41.

transferee liability (i.e., deficiency) were issued to the transferees. Thus, the court's two tier analysis used to determine the amount of interest to be included in a transferee's liability, is not pertinent.[17] In any limited transferee case where state law creates the transferee liability, as here, regardless of whether the case involves a transferee at law or a transferee in equity, state law governs whether interest accrues on that liability from the date of transfer to the date of notice of transferee liability and the rate at which interest accrues. For this reason, Minnesota law must be consulted to determine whether defendants Aileen, David, and Wayne are liable for interest, and since they received property after the estate tax liabilities were due but deferred, it is only reasonable to include interest under Minnesota law from the date they received the property until their judgment is paid.[18] I

B. Transferee Liability Under IRC § 6901(a)

Section 6901(a) provides the method by which a transferee liability is assessed and collected. In relevant part, it states:

> (a) Method of Collection.--The amounts of the following liabilities shall, except as hereinafter in this section provided, be assessed, paid, and collected in the same manner and subject to the same provisions and limitations as in the case of the taxes with respect to which the liabilities were incurred:
> (1) Income, estate and gift taxes.--
> (A) Transferees.--The liability, at law or in equity, of a transferee of property-- . . . . .

---

[17] *Estate of Stein v. Commissioner*, 37 T.C. 945, 961 (1962)(where "a transferee receives assets insufficient to satisfy the transferor's tax liabilities, . . . determination of the existence starting date, and rate of interest upon the retention of those assets prior to demand therefor is controlled by State law." (footnote omitted)); *Stansbury v. Commissioner*, 104 T.C. 486, 493 (1995).

[18] Also, contrary to defendants' view, the United States claim to interest include interest under State law. See complaint seeking "interest according to law." Counts II-IV.

(ii) of a decedent in the case of a tax imposed by chapter 11 (relating to estate taxes),

. . . . .

in respect of the tax imposed by subtitle A or B.

Defendants Aileen, David, and Wayne are transferees within the meaning of IRC § 6901(a) because IRC § 6901(h) provides, among other things, that the term "transferee" includes heir and distributee.[19] The Commissioner has the burden of proving that an individual is liable as a transferee of property of the taxpayer. IRC § 6902(a).[20]

However, IRC § 6901(a) "neither creates nor defines a substantive liability but provides merely a new procedure by which the Government can collect taxes." *Commissioner v. Stern*, 357 U.S. 39, 42-47 (1958).[21] Section 6901(a) provides a procedure through which the United States may collect from a transferee of assets unpaid taxes owed by the transferor of the assets if a basis exists under State law or equity for holding the transferee liable. *Id.*; *Gumm v.*

[19]It also includes "with respect to estate taxes, . . . any person who, under IRC § 6324(a)(2), is personally liable for any part of such tax."

[20]The procedural requirements of IRC § 6901(a) transferee liability are: (1) that the transferee received property of the transferor; (2) that the transfer was made without consideration or for less than adequate consideration; (3) that the transfer was made during or after the period for which the tax liability of the transferor accrued; (4) that the transferor was insolvent prior to or because of the transfer of property or that the transfer of property was one of a series of distributions of property that resulted in the insolvency of the transferor; (5) that all reasonable efforts to collect from the transferor were made and that further collection efforts would be futile; and (6) the value of the transferred property.

[21]In *Stern*, a widow received proceeds from an insurance policy on her deceased husband's life. The Commissioner assessed transferee liability against her for her deceased husband's unpaid income tax deficiencies, and she petitioned the Tax Court for redetermination of the transferee liability. The Supreme Court held that where a federal statute does not create or define transferee liability, the existence and extent of liability should be determined by state law. 357 U.S. at 44-45. Since no federal statute imposed transferee liability for an individual's failure to pay federal income taxes, state law governed the existence and extent of transferee liability for federal income taxes.

*Commissioner*, 93 T.C. 475 (1989), *aff'd,* 933 F.3d 1014 (9th Cir. 1991). Transferee proceedings are cumulative and not exclusive, and a suit in equity is a proper action to collect estate tax from the beneficiaries. *E.D. Rosenberg et al. (Est. of I. Rosenberg) v. McLaughlin*, 66 F.2d 271 (9th Cir. 1933), *cert. denied*, 290 U.S. 696 (1933).

It is well settled that a separate assessment against a transferee is not a precondition to a suit to collect a transferee's tax liability. *Leighton v. United States,*, 289 U.S. 506 (1933); *Payne v. United States*, 247 F.2d 481, 484 (8th Cir. 1957), *cert. denied*, 355 U.S. 923 (1958); *see also Phillips v. Commissioner*, 283 U.S. 589, 592 (1931). Statutory assessment procedures are designed merely to facilitate collection, and the Government may sue to collect taxes without assessment unless the statute imposing the tax expressly provides otherwise. *Dollar Savings Bank v. United States*, 86 U.S. (19 Wall.) 227, 240-41 (1874); *United States v. Chamberlain*, 219 U.S. 250, 263 (1911); *see United States v. Jersey Share State Bank*, 781 F.2d 974, 979 (3d Cir. 1986) ("the government's failure to assess its taxes did not preclude it from exercising its common-law right to sue for the taxes"), *aff'd*, 479 U.S. 442 (1987).[22]

In this case, defendants Aileen, David, and Wayne are liable as transferees under State law because they each received estate property (not governed by IRC § 6324(a)(2), and not assessed against them individually through the IRS' issuance of a notice of transferee liability).[23]

[22] Assessment of a tax is essentially an internal bookkeeping procedure, whereby the amount of a taxpayer's administratively determined tax liability is recorded in the records of the IRS. IRC § 6203; *Cohen v. Gross*, 316 F.2d 521, 522-23 (3d Cir. 1963); *see Laing v. United States*, 423 U.S. 167, 170 n.13 (1976). An assessment permits the IRS to begin collecting the tax using summary administrative collection methods (*see* IRC §§ 6321, 6322, 6331, 6335), and serves as a benchmark for computing the timeliness of such collection methods (*see* IRC § 6502).

[23] An assessment of transferee liability is not a prerequisite to filing an action seeking to impose liability on the transferees. Section 6901 provides additional means by which the Government can enforce the collection of taxes. *United States v. Geniviva*, 16 F.3d 522 (3rd Cir.

*Patterson v. Sims*, 281 F.2d 577 (5th Cir. 1960).[24] State law governs the existence of transferee liability under IRC § 6901. *Edelson v. Commissioner*, 829 F.2d 828, 833 (9th Cir. 1987).[25] Since full recovery can be had from transferee, for the value of the property transferred plus interest thereon under Minnesota law,[26] the judgments with interest thereon should be entered. See discussion, below.

C. Douglas Askegard is Liable for Interest under § 3713(b), 31 U.S.C.

The instant case against Douglas Askegard involves him not only as a transferee under IRC § 6324(a)(2), but also as fiduciary of the Estate.[27] Nonetheless, like IRC § 6324(a)(2), the

---

1994). The United States can use alternative methods to collect the tax from transferees. *United States v. Russell*, 461 F.2d 605 (10th Cir. 1972), *cert. denied*, 409 U.S. 1012 (1972).

[24]In *Sims*, the IRS District Director had argued that the transferee was liable for interest from the date of the transfer, while the transferee had argued that he was not liable for post-transfer interest at all. The Court came out in the middle, holding that the transferee was liable for interest from the date of issuance of the notice of transferee liability. In rejecting the District Director's position that the IRS was entitled to interest from the date of the transfer, the Court held (1) that State law, which defines a transferee's substantive liability, was controlling on the pre-notice interest question, and (2) that under Alabama law, where (as was the case in *Sims*) the transfer was merely constructively fraudulent, the transferee was not liable for pre-litigation interest. To the extent that *Sims* held that the transferee there was not liable for pre-notice interest it is not on point here since it was decided under Alabama law.

[25]*See*, *United States v. Bartlett*, 186 F.Supp.2d 875 (C.D. Ill. 2002)(under Illinois law, transferees of deceased taxpayer's estate were liable for taxpayer's unpaid gift tax debt to extent of value of property they received); *Berliant v. Commissioner*, 729 F.2d 496, 500 (7th Cir. 1984)("[a]s a matter of equity, Illinois has long imposed on estate transferees liability to creditors of the estate"), *cert. denied*, 469 U.S. 852 (1984).

[26]A transferee in equity is liable for the value of the assets that the transferee unjustly received when the transferor was insolvent or was rendered insolvent. *Kreps v. Commissioner*, 42 T.C. 660, *aff'd*, 351 F.2d 1 (2nd Cir. 1965) (applying New York law).

[27]If an executor distributes any portion of an estate to a beneficiary before the estate's debt to the Government is paid, then the executor is personally liable, to the extent of the distribution to the beneficiary, for so much of the estate tax as remains unpaid. 31 U.S.C. § 3713(b). *Singleton v. Commissioner*, T.C. Memo. 1996-249 (1996); *United States v. Coppola*, 85 F. 3d

assessment and collection provisions of the Internal Revenue Code are applied to § 3713(b) by IRC § 6901(a)(1). In addition, like the transferee liability, the liability of a fiduciary has limitations. Namely, the fiduciary liability cannot exceed the amount of money distributed by an executor who knows or should know of the estate tax liability. This case differs from Baptiste, however, in one key respect. Here, the amount of money distributed by Douglas after he knew or should have known of the estate tax liability far exceeded the estate tax liability itself. Thus, the limitation which caused concern to the Eighth Circuit is not present here. Section 6601 requires the imposition of interest on the fiduciary liability after the issuance of the statutory notice, and no limiting factors would counsel its defeat.

Douglas Askegard argues that he should not be charged any interest under § 3713(b), 31 U.S.C., but his contention is without support. Interest is simply the means of compensating a party for the use of its money. See United States' Memorandum in Support of Entitlement to Interest on Judgments.

The IRC § 3713(b) liability imposed on a fiduciary for the estate tax includes interest.[28] There is nothing in IRC § 3713(b) which would suggest that the fiduciary liability is only for the unpaid estate tax, exclusive of interest. To read IRC § 3713(b) to mean only that portion of the Government's claim which is tax should be collected, is contrary to its plain meaning. Other

---

1015 (2nd Cir. 1996) citing *United States v. Moore*, 423 U.S. 77, 81(1975). Unpaid taxes are debts owed within the purview of § 3713. *People v. State of Ill. ex. rel. Gordon v. United States*, 328 U.S. 8 (1946); *Massachusetts v. United States*, 333 U.S. 611, 625-26 (1948).

[28]The Tenth Circuit recognized that actions at law to collect estate taxes have been permitted against non-assessed fiduciaries subsequent to the enactment of Section 6901, notwithstanding the fact that the assessment and collection procedures of Section 6901 are specifically made available (*see* IRC § 6901(a)(1)(B)) for enforcement of a fiduciary's liability under 31 U.S.C. § 3713(b) (formerly 31 U.S.C. § 192). *United States v. Russell*, 461 F.2d at 607.

courts have not been so restrictive, and additions to the tax are equally subject to the fiduciary liability. *Bank of the West*, 93 T.C. at 471; *Spokane County v. United States*, 279 U.S. at 93 (1929); *Price v. United States*, 269 U.S. at 501 (1926). For example, the Second Circuit affirmed a judgment imposing a fiduciary liability which included accrued interest on an unpaid estate tax liability. *United States v. Coppola*, 85 F.3d at 1018-19 (affirming § 3713 liability where estate tax deficiency was $166,633, but judgment entered "in the amount of $910,405.99 plus interest").

In the instant case, the fiduciary liability under IRC § 3713(b), is the total value of property transferred to the other individual defendants. The only monetary limitation on a 31 U.S.C. § 3713(b) liability is, as set forth in the statute, that the fiduciary cannot be found liable for a greater amount than what he distributed. That limitation is not implicated by the facts of this case since Douglas Askegard distributed far more to others than was required to pay, in full, the estate tax liability.[29] Thus, Douglas Askegard is liable for the entire amount of the unpaid estate tax liability--including interest thereon--until the liability is paid.

Here, the United States brought suit against Douglas Askegard under 31 U.S.C. § 3713(b), to hold him liable for the amount of claims paid before the Government's claim.[30] However, where IRS employs the transferee liability procedures of IRC § 6901, the fiduciary has

[29] By September of 1993, Douglas Askegard transferred a total of $460,137 to defendants: $204,502 to Aileen, $65,850 to Wayne, and$189,785 to David. The unpaid deferred estate tax was $?? , substantially less.

[30]In *Singleton*, the Tax Court distinguished an executor's liability under 31 U.S.C. § 3713(b), from the liability of a transferee on the ground that the transferee has the benefit of enjoying the transferred property, while the executor does not. However, such reasoning does not take into account the facts present in this case. Douglas' liability derives from his own actions taken with knowledge that the estate tax was unpaid. Although he received no personal benefit from the transfers, he is clearly at fault.

been found liable for unpaid estate tax together with interest accrued thereon to the date the notice of fiduciary liability was mailed. See, e.g., *Singleton v. Commissioner*, 71 T.C.M. (CCH) 3127 (1996);[31] *see also*, *Johnson v. Commissioner*, 78 T.C.M. (CCH) 358 (1999)(fiduciary liable for the amount of tax and interest owed by the estate, or the value of the property disbursed in violation of the statute, which is less, and declining again to follow the analysis of its own decision in *Baptiste v. Commissioner*, 100 T.C. 252 (1993), *aff'd*, 29 F.3d 1533 (11th Cir. 1994), *aff'd in part and rev'd in part*, 29 F.3d 433 (8th Cir. 1994).

The Tax Court's rationale (in *Singleton* and *Johnson)* declining to award the Commissioner interest after the date of the statutory notice is erroneous. IRC § 6901(a) provides that the liability of a fiduciary under § 3713(b) of Title 31, shall be "assessed, paid, and collected in the same manner and subject to the same provisions and limitations as in the case of taxes with respect to which the liabilities were incurred." One of these "same provisions" is § 6601(a), which provides for interest on unpaid tax liabilities. Section 6601(a) provides that "[i]f any

[31]In *Singleton*, the Tax Court declined to award post-notice interest to the Commissioner noting that "[t]o our knowledge, there are no cases discussing whether an executor is liable for interest accruing after the notice of liability has been mailed." The Tax Court's rationale for denying post-notice interest to the Commissioner, is that IRC § 3713(b) should be narrowly construed. But this view lacks merit and the Supreme Court has rejected attempts to narrowly construe the statute:

> The priority statute serves the same public policy as the Crown's common-law prerogative. As Mr. Justice Story wrote for the Court in 1832, the priority proceeds from "motives of public policy, in order to secure an adequate revenue to sustain the public burthens and discharge the public debts. . . . [A]s that policy has mainly a reference to the public good, there is no reason for giving to [the statute] a strict and narrow interpretation." *United States v. State Bank of North Carolina*, [6 Pet. 29, 35 (1832)].

*United States v. Moore*, 423 U.S. 77, 81-82 (1975).

amount of tax imposed by this title . . . is not paid on or before the last date prescribed for payment, interest on such amount at the underpayment rate established by Section 6621 shall be paid for the period from such last date to the date paid." The "last date for payment" is defined by Section 6601(b)(5), which states that where (as here) the last date for payment is not otherwise prescribed, then such date shall be deemed to be that date on which the liability arose. Since the IRC § 3713(b) liability includes interest up to the point of the statutory notice (as the Tax Court found in *Singleton*), then the § 3713(b) liability should be deemed to arise on the date of the statutory notice. Thus, the Tax Court erred in determining that no statutory provision requires the inclusion of interest.[32]

Moreover, the Tax Court's belief that the fiduciary should be relieved of post-notice interest because of the "punitive" nature of interest is entirely without support. It has long been held that interest is a form of compensation, and not a penalty. *United States v. Childs*, 266 U.S. 304, 307 (1924); *Avon Products, Inc. v. United States*, 588 F.2d 342, 343 (2nd Cir. 1978) ("it is a clearly established principle that interest is not a penalty but is intended only to compensate the Government for delay in payment of tax"); Saltzman, *IRS Practice and Procedure* at ¶ 6.01. While tax penalties may, at times, be labeled "punitive," interest is merely compensation to be paid to the Government for the use of its money. That Douglas did not personally enjoy the property he distributed is irrelevant. The § 3713(b) liability is imposed against fiduciaries, regardless of whether they are also transferees. In fact, the extension of this liability against fiduciaries was meant to give "teeth" to the insolvency statute. *United States v. Moore*, 423 U.S.

[32]In fact, the Tax Court declined to follow the analysis of its own decision in *Baptiste v. Commissioner*, 100 T.C. 252 (1993), *aff'd in part and rev'd in part*, 29 F.3d 433 (8th Cir. 1994) (as to Gabriel J. Baptiste), *aff'd*, 29 F.3d 1533 (11th Cir. 1994) (as to Richard M. Baptiste).

at 81. Douglas is liable not because he enjoyed property which should have been turned over to the Government, but because he disregarded his fiduciary responsibilities. To find otherwise would effectively take the teeth out of the statute. Accordingly, defendants' argument against the inclusion of interest in the judgment against Douglas under 31 U.S.C. § 3713(b), should be rejected and interest should be awarded.

D. The Individual Transferees are Liable under Minnesota law

As transferees of property of the Estate, the individual defendants Aileen, David, and Wayne, are liable for the unpaid debt of the Estate to the extent of the value of property they received. *Dent v. Matteson, et al.*, 70 Minn. 519 (1897). The liability is joint and several. *Dent v. Matteson, et al.*, 73 Minn. 170 (1898); *Cf. Soderberg v. Commisssioner of Taxation*, 1971 W.L 98 (Minn. Tax Ct. 1971)(upholding contribution right with respect to transferee liability asserted by the state, not the IRS); Ch. 573.13, Minn. Stat. Also, given defense counsel's representation that the defendants have no other defense to the Government's causes of action, the defendants have conceded that they have effectively admitted the allegations in the pleadings and the Court so found. See Findings, ¶ 4 of Conclusions of Law.

Under the Minnesota Fraudulent Transfer Act, a fraudulent transfer may be established by either actual fraud or constructive fraud. *In Re Wintz Companies*, 230 B.R. 848 (1999). The transfers to the individual defendants by Douglas are constructively fraudulent under Minn. Stat. § 513.45.[33] The necessary elements of constructive fraud are pled in the United States' complaint. The United States claimed that although the estate taxes were not paid when due,

[33]The United States seeks foreclosure against the real property; it is the only remaining original asset of the Estate in a beneficiary's possession. See complaint, Count II.

defendant Aileen received a total of $204,552 from the Estate for no consideration.[34] After trial, the Court found Aileen received property with a value of $191,100.[35] The United States asked that the transfer be set aside because it was made subject to the pre-existing claim for unpaid estate tax,[36] that is, there were insufficient assets remaining with which to pay the Estate tax liabilities. The Estate became insolvent as a result of the transfer. A judgment to effectuate the foreclosure on the real property is being held until appropriate language is drafted.[37]

The transfers of real and other property to defendants David and Wayne were similarly constructively fraudulent under Minn. Stat. Ch. 513.45, for the same reasons.[38] The Court found that Wayne received property and there does not appear to be any payment to the Estate for the conveyance.[39] The Court did not make additional findings of fact.

Alternatively, the United States may recover judgment against individual defendants to the extent of the value of any real property inherited or devised to them under Chaps. 573.09 and 573.20, Minn. Stat.[40]

---

[34] See Complaint, Count II, ¶s 28-31.

[35] See ¶ 11, Findings of Fact, Conclusions of Law, and Order for Entry of Judgment ("Findings").

[36] See Complaint, Count II, ¶ 32.

[37] Findings, Conclusions of Law, ¶ 4.

[38] See Complaint, Count III (Wayne), ¶ 37-39, and Count IV (David), ¶ 43.

[39] See Findings, ¶ 10.

[40] *Cf. United States v. Bartlett*, 186 F.Supp.2d 875, 888 (C.D. Ill. 2002)(transferees were found liable under Illinois law) citing *Berliant v. Commissioner*, 729 F. 2d 496, 499 (7th Cir. 1984), *cert. denied* by *Kraft v. Commissioner*, 469 U.S. 852 (1984).

The United States is entitled to interest on the judgments against the individual defendants Aileen, David, and Wayne under § 549.09, Minn. Stat.

Respectfully submitted,

THOMAS B. HEFFELFINGER
United States Attorney

s/ Mary E. Bielefeld
MARY E. BIELEFELD, DC # 384603
Senior Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 7238, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 514-9375
Fax: (202) 514-6770
Email: mary.e.bielefeld@usdoj.gov
Central.taxcivil@usdoj.gov

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that service of the foregoing UNITED STATES' REPLY TO DEFENDANTS' POST-TRIAL BRIEF REGARDING INTEREST, COLLECTION, AND COSTS has been made upon the following through the Court's Electronic Filing System on this 28th day of March, 2005.

John J. Jensen, Esquire
PEARSON CHRISTENSEN
24 North 4th Street
P.O. Box 5758
Grand Forks, ND 58206-5758
Tel: (701) 775-0521
Fax: (701) 775-0524
Email: jjensen@grandforkslaw.com
marie@grandforkslaw.com

s/ Mary E. Bielefeld
MARY E. BIELEFELD, DC # 384603
Senior Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 7238, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 514-9375
Fax: (202) 514-6770
Email: mary.e.bielefeld@usdoj.gov
Central.taxcivil@usdoj.gov