**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**SIXTH DIVISION**

| | | |
|---|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Douglas R. Askegard, individually and as personal representative of the Estate of Gladys M. Askegard; David Askegard; Wayne Aslesen; Aileen Askegard Clough, individually and as trustee of the Clough Family Trust and John Doe, trustee of the Clough Family Trust,<br><br>Defendants. | ) | Case No.: 01-CV-845 RHK/RLE<br><br>**DEFENDANTS' POST-TRIAL BRIEF REGARDING INTEREST, COLLECTION, AND COSTS** |

**COME NOW**, the Defendants, by and through their undersigned counsel, and submit the following brief in support of their proposed judgment:

## BACKGROUND

Following trial and submission of post-trial briefs, this Court entered a Memorandum Decision and Order in favor of the Plaintiff, the United States of America [hereinafter "Government"]. The Court thereafter requested that the parties submit either an agreed upon judgment or separate proposed judgments. Although the parties agreed upon a number of the terms to be included within the judgment, they could not agree upon the following issues:

1. Whether the Government should be entitled to collect interest given the substantial delay in prosecuting its cause of action;

2. Whether the judgment should be drafted in a manner which precludes "double collection" from the Defendants; and

3. The amount of costs to be awarded to the Government for prevailing in the cause of action.

## LAW AND ARGUMENT

**A. The Court has discretion to either award or deny the recovery of costs.**

The recovery of costs by a prevailing party in litigation before the United States District Courts is governed by 28 U.S.C. §§ 1920, 1921, and 1923 and Rule 54(d) of the Federal Rules of Civil Procedure. Rule 54(d) expressly provides that the taxation of costs is left to the discretion of the District Court. Similarly, 28 U.S.C. § 1920 provides that the Court "may tax costs" which was a legislative change from prior language which indicated that the Court "shall" tax costs to the prevailing party. See generally, Brisco-Wade v. Carnahan, 297 F.3d 781 (8th Cir. 2002). A decision by the District Court with regard to an award of costs is within the discretion of the District Court and will not be overturned on appeal unless it is established that the District Court abused its discretion. See, e.g., Sequa Corp. v. Cooper, 245 F.3d 1036 (8th Cir. 2001).

The imposition of costs is unwarranted given the circumstances of this litigation. While the Court has concluded that the statute of limitations did not bar the Government's cause of action, the Court has also implicitly recognized the substantial delay by the Government in prosecuting this cause of action. This Court has concluded that the Government delayed initiation of its cause of action to within months of the expiration of the 10-year statute of limitations. The case also involves an estate tax which arose initially in the early 1980's. The substantial delays by the Government support a denial of the award of costs.

Absent a decision to deny the award of costs, the Court should restrict the recovery of costs to those items listed in 28 U.S.C. §§ 1920, 1921, and 1923. Upon receipt of a bill of costs

from the Government, the Defendants will provide specific objections. To-date, no bill of costs or proposed bill of costs has been provided.

**B. "Double collection" of the judgment is precluded and each Defendant is liable only to the extent of the value of the property received from the estate.**

The Internal Revenue Code imposes personal liability for any unpaid estate tax on transferees who receive property that is includable in the decedent's gross estate and subject to the estate tax. 26 U.S.C. § 6901; 26 U.S.C. § 6324. However, each transferee's liability in this action is limited to the value of the property which they each received from the estate. Baptiste v. C.I.R., 29 F.3d 433 (8th Cir. 1994).

Conversations with counsel for the Government indicate that the Government is in agreement that the full amount of the tax can only be collected once. Additionally, the Internal Revenue Code is clear in providing that collection against any individual defendant is limited to the amount of property which they receive from the estate. Counsel for the Government has indicated that they will draft a proposed judgment consistent with the principles that the tax can only be collected once and collection from any individual defendant is limited to the amount of property which they received from the estate.

**C. The Government is not entitled to collect interest from the individual defendants and this Court should apply its discretion in awarding interest because of the substantial delay in prosecuting the claim.**

1. Where the value of the assets transferred are less than the tax deficiency, no interest is due on the tax liability.

The United States Court of Appeals for the Eighth Circuit has previously addressed the issue of whether or not the recipient of property from an estate who is liable for transferee taxes pursuant to 26 U.S.C. §6324(a)(2) is also responsible for interest on that liability. The Eighth Circuit noted that Section 6324(a)(2) limits the liability of the transferee "to the extent of the

value at the time of the decedent's death" of the property actually transferred. Baptiste v. C.I.R., 29 F.3d 433, 437 (8th Cir. 1994). In Baptiste, the United States Court of Appeals for the Eighth Circuit held that it was improper for the Tax Court to impose a liability for interest on a transferee's personal liability for unpaid estate tax which would result in collection beyond the value of the property transferred. Id. at 438. In summary, the statutory authority provided by 26 U.S.C. § 6324, as confirmed by the Eighth Circuit, limits the total liability to the value of the property received by the transferee. In this case, the individual defendants cannot be subject to collection of interest which would result in a collection greater than the amount of property that each Defendant received from the estate.

The United States Tax Court decision in The Estate of Stein v. C.I.R., 37 T.C. 945 (1962) is consistent with the Eighth Circuit's decision in Baptiste. In Stein, the Tax Court concluded that interest under the provisions of the Internal Revenue Code would only accrue from the date that a transferee was provided with notice of the Government's intent to assert transferee liability. Id. Interest prior to the Government's notification that it intended to seek transferee liability is governed by state law. (A state law claim for interest has not been asserted by the Government in this case). The Government has also confirmed its intent to follow the decision issued by the Tax Court in Stein through the issuance of the Internal Revenue Service Field Service Advisory dated January 15, 1993.

The Defendants acknowledge that contrary authority for their position exists. See, e.g., Saigh v. C.I.R., T.C. Memo 2005-20; Baptiste v. C.I.R., 29 F.3d 1533 (11th Cir. 1994). The contrary authority holds that interest is collectible from the date of the transfer calculated on the amount of the liability associated with the transfer.

2. This Court has authority to abate the interest because of the Government's substantial delays.

The Defendants request that the Court use its equitable powers to abate or deny the imposition of interest in the event the Court determines that interest can legally be applied.

26 U.S.C. § 6404(e)(1) provides that interest may be abated if the interest is "attributable . . . to any unreasonable error or delay by an officer or employee of the Internal Revenue Service . . . in performing an administerial or managerial act . . .." The Government waited approximately 10 years from the date the notice of default was issued until initiating legal proceedings. This was an unreasonable delay which should preclude the imposition of interest.

This Court has jurisdiction to review an abatement of interest. Leiter v. United States, 2004 W.L. 303210, 93 AFTR.2d 2004-793 (D. Kan. 2004); Beall v. United States, 336 F.3d 419, 92 AFTR.2d 2003-5001 (5th Cir. 2003); Poretto v. Usry, 295 F.2d 499, 8 AFTR.2d 6171 (5th Cir. 1961). In this instance, there is no question that the delay by the Internal Revenue Service was unreasonable. The Defendants respectfully request that the Court exercise its equitable discretion in denying the imposition of interest.

The Defendants acknowledge that there is contrary authority to its position that this Court has jurisdiction. See, e.g., Hinck v. United States, 2005 W.L. 318691, __ Fed. Cl. __ (Fed. Cl. 2005). The Hinck decision issued by the Court of Federal Claims and other decisions holds that the United States District Court does not have jurisdiction to review the denial of an abatement request by the Internal Revenue Service. Additionally, the Beall, Leiter, and Poretto decisions can be interpreted to allow District Court review only after a taxpayer has exhausted their administrative remedies by first filing an administrative claim for refund. An administrative claim for refund is filed on Form 843 and processed by the Internal Revenue Service.

**CONCLUSION**

The imposition of costs against the Defendants is a matter of discretion for the District Court. The Defendants respectfully request that the Court deny the imposition of costs because of the Government's substantial delay in prosecuting this cause of action.

Counsel for the Government has indicated it is in agreement that the tax can only be collected a single time and that the individual defendant's liability for the tax is limited to the amount of property that each received from the estate. The Government has indicated a willingness to draft a proposed judgment consistent with these principles.

No interest should be imposed against the individual defendants. Case law supports the position that interest should only accrue from the date a transferee is given notice of the potential claim. In this case, that notice was not provided until initiation of the complaint. Additionally, this Court is granted the authority to review the imposition of interest and determine whether or not the imposition of interest is equitable. Given the substantial delay of the Government, the imposition of interest in this case is not equitable and should be denied.

Respectfully submitted this 25th day of February, 2005.

/s/ Jon J. Jensen
Jon J. Jensen, MN License No.: 0214139
PEARSON CHRISTENSEN, PLLP
24 North 4th Street, P.O. Box 5758
Grand Forks, ND 58206-5758
Telephone: (701) 775-0521
Fax: (701) 775-0524
Attorney for Defendants