**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**SIXTH DIVISION**

| | | |
|---|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Douglas R. Askegard, individually and as personal representative of the Estate of Gladys M. Askegard; David Askegard; Wayne Aslesen; Aileen Askegard Clough, individually and as trustee of the Clough Family Trust and John Doe, trustee of the Clough Family Trust,<br><br>Defendants. | ) | Case No.: 01-CV-845 RHK/RLE<br><br>**DEFENDANTS' REPLY TO PLAINTIFF'S POST-TRIAL REPLY BRIEF REGARDING INTEREST, COLLECTION, AND COSTS** |

Following trial and submission of post-trial briefs, this Court entered a Memorandum Decision and order in favor of the Plaintiff, the United States of America [hereinafter "Government"]. The Court thereafter requested that the parties submit either an agreed upon judgment or separate proposed judgments. Although the parties agreed upon a number of issues and terms to be included within the judgment, several issues remain for resolution and both parties provided the Court with legal arguments regarding interest, collection and the taxation of costs. At the request of the Government, the parties provided additional materials regarding issues that remain unresolved. Again, at the request of the Government, the parties were requested to file additional responsive materials. This brief is in response to the materials provided to the Court on or about March 28, 2005 by the Government.

The parties disagree as to whether or not interest should apply to the judgments entered against the individual defendants and, if applicable, the amount of interest that should be applied. The Government's assertion for the imposition of interest can be placed into two separate

categories:

1. The application of interest against the estate and Douglas Askegard pursuant to 28 U.S.C. § 1961(c)(1); and

2. The application of interest against Aileen Clough, David Askegard, and Wayne Aslesen pursuant to M.S.A. § 549.09.

## ARGUMENT

### A. The Eighth Circuit decision in Baptiste controls and no interest can be applied to the judgment entered against Douglas Askegard.

The Government concedes that if this Court determines that the decision issued by the Eighth Circuit in Baptiste v. Commissioner is controlling, the Eighth Circuit's decision in Baptiste would prevent the application of interest against Douglas Askegard. Baptiste v. Commissioner, 29 F.3d 433 (8th Cir. 1994) cert. denied 513 U.S. 1190 (1995). As noted by the Government on page 7 of its most recent brief, "United States asserts Baptiste was wrongly decided by the Eighth Circuit . . ..."

The Baptiste decision issued by the Eighth Circuit was denied certiorari by the United States Supreme Court. No subsequent decisions by the Eighth Circuit have modified or otherwise reversed the Eighth Circuit's decision in Baptiste. The Baptiste decision remains controlling within the Eighth Circuit with respect to matters involving application of the Internal Revenue Code. Unless and until the Eighth Circuit modifies or reverses Baptiste, the opinion of the Eighth Circuit controls and prohibits the application of interest against Douglas Askegard.[1]

---

[1] Alternatively, in light of the Government's concession that 28 U.S.C. § 1961 would govern the interest accrual against Douglas Askegard and the estate, prejudgment interest is limited to accrual from the date the action was commenced. 28 U.S.C. § 1961(a)(1).

**B. David Askegard, Wayne Aslesen and Aileen Clough are not liable for prejudgment interest under Minnesota law § 549.09 or, alternatively, prejudgment interest did not begin to accrue until this action was commenced.**

1. There is no basis for the Court to conclude that there was either constructive or actual fraud.

The Government asserts that Aileen Clough, David Askegard and Wayne Aslesen violated the Minnesota Fraudulent Transfer Act, either contractually or constructively. The Government makes this assertion through summary conclusion on pages 17 and 18 of its brief. The Government has offered no support for the conclusion that any of the Defendants acted fraudulently. To the contrary, the evidence is clear that David Askegard, Wayne Aslesen and Aileen Clough did nothing more than receive property distributed by their brother, Douglas Askegard, as part of his administration of the estate pursuant to the terms of the decedent's will.

Although the heirs of the estate concede that they became liable for a portion of the tax equivalent to the amount of property that was distributed to them after denial of their statute of limitation defense, they have at no time conceded that they acted fraudulently. The heirs of the estate have accepted responsibility only for payment of tax equal to (or less than) the amount of property distributed. The Government's naked assertion that the Defendants acted fraudulently is unsupported by the evidence and there is no basis for application of Minnesota law for imposition of interest.

2. Minnesota Statute § 549.09(b) limits any accrual of interest from the date the action was commenced forward.

The Government concedes that if Minnesota law were to apply, the accrual of interest is governed by Minnesota Statute § 549.09. Subdivision 1(b) specifically provides as follows:

> "preverdict, preaward, or prereport interest on pecuniary damages shall be computed as provided in clause (c) <u>from the time of the commencement of the action or demand for arbitration, or the time of a written notice of claim,</u>

> whichever occurs first, except as provided herein. The action must be commenced within three years of a written notice of claim for interest to begin to accrue from the time of the notice of claim." (emphasis provided)

If the court concludes that the Government is entitled to prejudgment interest based on Minnesota law, the interest would be limited to accrual "from the time of the commencement of the action." The accrual of prejudgment interest would be further limited by Minnesota Statute § 549.09, Subd. 1(c) to "simple interest per annum."

Respectfully submitted this 4th day of April, 2005.

/s/ Jon J. Jensen
Jon J. Jensen, ND ID #04783
PEARSON CHRISTENSEN, PLLP
24 North 4th Street, P.O. Box 5758
Grand Forks, ND 58206-5758
Telephone: (701) 775-0521
Fax: (701) 775-0524
Attorney for Defendants