**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**SIXTH DIVISION**

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Douglas R. Askegard, individually and as personal representative of the Estate of Gladys M. Askegard; David Askegard; Wayne Aslesen; Aileen Askegard Clough, individually and as trustee of the Clough Family Trust and John Doe, trustee of the Clough Family Trust,<br><br>Defendants. | Case No.: 01-CV-845 (RLE)<br><br>**DEFENDANT, AILEEN ASKEGARD CLOUGH'S, MEMORANDUM OF LAW RESISTING PLAINTIFF'S MOTION FOR ORDER OF SALE** |

Aileen Askegard Clough, individually and as trustee of the Clough Family Trust, by and through her attorney of record, Jon J. Jensen, and pursuant to Local Rule 7.1 of the United States District Court for the District of Minnesota, provides the following Reply Memorandum of Law resisting the Plaintiff's Motion for Order of Sale.

## I. FACTUAL BACKGROUND.

Following this Court's Final Judgment entered on September 30, 2005 (the "Judgment"), the Plaintiff has brought a Motion for Order of Sale regarding property currently owned by the Clough Family Trust (the "Property"). The Property's legal description is fully set forth within the Plaintiff's Motion for Order of Sale.

The Plaintiff has requested this Court order the sale of the Property pursuant to the procedures set forth within 26 U.S.C. §§ 2001 and 2002. However, the judicial order is not necessary because a sale has been entered into for the fair market value of the

Property, and the attending delay of a judicial sale would only reduce the proceeds to be applied against the Judgment. Therefore, Aileen Askegard Clough respectfully requests that this Court deny the Plaintiff's Motion for Order of Sale and to allow the existing sale of the property to occur with the proceeds of the sale applied to the Judgment against Aileen Askegard Clough.

## II. LAW AND ARGUMENT.

In providing the method and procedure for judicial sales of realty, 28 U.S.C. § 2001, entitled, "Sale of realty generally," provides in subsection (b):

> After a hearing, of which notice to all interested parties shall be given by publication or otherwise as the court directs, the court may order the sale of such realty or interest or any part thereof at private sale for cash or other consideration and upon such terms and conditions as the court approves, *if it finds that the best interests of the estate will be conserved thereby*. Before confirmation of any private sale, the court shall appoint three disinterested persons to appraise such property or different groups of three appraisers each to appraise properties of different classes or situated in different localities. No private sale shall be confirmed at a price less than two-thirds of the appraised value. Before confirmation of any private sale, the terms thereof shall be published in such newspaper or newspapers of general circulation as the court directs at least ten days before confirmation. The private sale shall not be confirmed if a bona fide offer is made, under conditions prescribed by the court, which guarantees at least a 10 per centum increase over the price offered in the private sale.

(Emphasis added).

Pursuant to the Judgment entered against Aileen Askegard Clough, she is indebted to the United States in the amount of $204,522.00 plus interest at the rate prescribed by Minnesota Statutes Section 549.09, Subdivision 1(c), from the date of the entry of Judgment until the Judgment is paid. In addition, the Judgment also provides that the United States has valid and subsisting liens against the property. Aileen

Askegard Clough, individually and as co-trustee of the Clough Family Trust, will cooperate with the United States in its attempts to sell such property.

Since the entry of this Judgment, Aileen Askegard Clough, individually and as co-trustee of the Clough Family Trust, has entered into a purchase agreement to sell the Property for the sum of $235,000. The purchasers are aware of the government's judgment interest in the property, and they are aware that the proceeds from this sale are to be distributed to the government pursuant to the Judgment. In addition, the purchasers currently lease the Property for farming purposes and have invested $6,928.20 in preparation for the 2006 crop season and $4,165.00 towards this year's rental payments.

28 U.S.C. § 2001 provides that a court may order the sale of realty if it finds that "the best interests of the estate will be conserved by the sale." Since a sale of this property at the fair market value has already been arranged, any judicial sale will only delay the government's receipt of the indebtedness, thereby decreasing the value of the sale. A judicial sale of the Property would also significantly increase the costs involved in selling the Property which, in turn, would reduce the proceeds available to apply toward the Judgment. Further, because interest is accruing on the Judgment, any subsequent delay caused by the required procedures of a judicial sale will further reduce the application of any purchase price towards the Judgment.

Finally the proposed purchasers have previously entered into a lease and invested approximately $11,093.20 into the Property for the 2006 crop season. Because a proposed judicial sale is not likely to occur prior to this season's crop planting, a judicial sale would significantly reduce the value of the estate which could be realized from a sale due to the inability of a subsequent purchaser to participate in the 2006 crop season, and

the existing rights of the current tenant to reasonable reimbursement for their contributions to the land under their lease agreement.

Therefore, it is in the best interests of the owners of the property, and the Plaintiff to allow the pending non-judicial sale of the property to continue.

## III. CONCLUSION.

For the foregoing reasons Aileen Askegard Clough requests the Court deny the Plaintiff's Motion for Order of Sale and allow Aileen Askegard Clough, individually and as trustee of the Clough Family Trust, to proceed with the existing sale of the Property and to apply the proceeds of the sale to the Judgment.

**Dated** this 28th day of March, 2006.

**Pearson, Christensen, Cahill & Clapp, PLLP**

Jon ~~J.~~ Jensen, MN ID #0214139
24 North 4th Street, P.O. Box 5758
Grand Forks, ND 58206-5758
Telephone: (701) 775-0521
Fax: (701) 775-0524
Attorneys for Defendants

**Word Count and Type Certification Pursuant to LR7.1(c) & (e)**

I Jon J. Jensen, certify that this Memorandum of Law in Support of Motion to Withdraw complies with Local Rules 7.1(c) & (e). I further certify that, in preparation of this memorandum, I used Microsoft Word 2003, and that this word processing program has been applied specifically to include all text, including headings, footnotes, and quotations in the following word court. I further certify that the above-referenced memorandum contains 1167 words.

**Dated** this 28th day of March, 2006.

**Pearson, Christensen, Cahill & Clapp, PLLP**

Jon J. Jensen, MN ID #0214139
24 North 4th Street, P.O. Box 5758
Grand Forks, ND 58206-5758
Telephone: (701) 775-0521
Fax: (701) 775-0524
Attorneys the Defendants