UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

United States of America,

Plaintiff,

vs. ORDER

Douglas R. Askegard, individually and as personal representative of the Estate of Gladys M. Askegard; David Askegard; Wayne Aslesen; Aileen Askegard Clough, individually and as trustee of the Clough Family Trust and John Doe, Trustee of the Clough Family Trust,

Defendants. Civ. No. 01-845 (RLE)

* * * * * * * * * * * * * * * * * * *

## I. Introduction

This matter came before the undersigned United States Magistrate Judge, pursuant to the consent of the parties, as authorized by the provisions of Title 28 U.S.C. §636(c), upon the Motion of the Law Firm of Pearson, Christensen, Cahill & Clapp, PLLP ("Pearson"), to Withdraw as Counsel for the Defendant Wayne Aslesen

("Aslesen"),[1] and the Motion of the Government for an Order of Sale. Hearings on the Motions were conducted on April 20, 2006, and April 27, 2006, at which time, Pearson and the Defendant Aileen Askegard Clough ("Clough"), appeared by John J. Jensen, Esq.; the Government appeared by Mary E. Beilefeld, Trial Attorney, Tax Division, United States Department of Justice; and the Defendant David Askegard ("Askegard") appeared personally. For reasons which follow, we grant the Motion of Pearson to Withdraw as Counsel for Aslesen, and we direct the Clerk of Court to Strike the Government's Motion for an Order of Sale, for noncompliance with our Local Rules.

II. Discussion

On September 30, 2005, we issued an Order for the Entry of Judgment against the Defendants arising out of certain tax liabilities for transfers that were made during the administration of the Estate of Gladys M. Askegard (the "Estate"). As part of the Judgment, we recognized that the United States has valid and subsisting liens on property belonging to the Estate, which includes a specifically identified parcel of

[1]At the time that the Motion was filed, Pearson sought to withdraw as counsel for David Askegard, Douglas Askegard, and Aslesen. However, counsel for Pearson has advised that arrangements have been made for Pearson to continue in its representation of both of the Askegards, and so our consideration of the Motion is limited to Aslesen.

property in Clay County, Minnesota. The Judgment further directed that the United States was entitled to foreclose its lien against the parcel of property; that the property would be sold pursuant to further Order of the Court; and that Clough would cooperate with the United States in its attempts to sell the property.

Pearson has represented all of the named Defendants throughout the course of this action. It now moves to withdraw as counsel for Aslesen, upon its assertion that Aslesen has failed to provide payment for legal services rendered by Pearson. Pearson also represents that it advised Aslesen that, unless he satisfied his payment obligations, it would seek to withdraw as counsel, and that Aslesen informed counsel for Pearson of his desire to represent himself in any matter concerning the Government's collection on the Judgment. According to Pearson, it has arranged for its continued representation of Clough, and the Askegards throughout the course of any collection proceedings.

Motions for the withdrawal of counsel are inherently fact-specific, and are not readily resolved by a bright-line, doctrinaire approach. Rather, the factual circumstances, which drive the Motion, must be considered in the context of the attorney's duties to the Court, to the client, and to the profession. In this District, we apply the Minnesota Rules of Professional Conduct in appraising the behavior of

attorneys who practice before us. See, D. Minn. LR83.6(d)(2). Those Rules recognize circumstances which mandatorily counsel the withdrawal of counsel, as well as circumstances which render such a withdrawal permissive. See, Rule 1.16(a) and (b), Minnesota Rules of Professional Conduct.[2]

---

[2]Rule 1.16(a) mandatorily requires a withdrawal of counsel in the following circumstances:

> (1) the representation will result in violation of the Rules of Professional Conduct or other law;
>
> (2) the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client;
>
> (3) the lawyer is discharged; or
>
> (4) the client persists in a course of action using the lawyer's services that the lawyer reasonably believes is criminal or fraudulent.

Rule 1.16(b) allows the attorney to withdraw from his representation of a client if:

> (1) the client has used the lawyer's services to perpetrate a crime or fraud;
>
> (2) a client insists upon pursuing an objective that the lawyer considers repugnant or imprudent;
>
> (3) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will

(continued...)

Understandably, the Court neither controls, nor seeks to control, the access that litigants have to the attorney of their choice. Once an appearance has been made in Federal Court on behalf of that litigant, however, the Court necessarily has control over whether that litigant should continue to be represented by the attorney whose appearance had been noted. Without such control, the Court's calendar and, correlatively, the administration of justice, would unavoidably suffer. As a consequence, where, as here, an attorney seeks to withdraw from his or her representation of a party, without a substitution of counsel, the request must be submitted in a formal Motion, and will be granted only for "good cause shown." See, D. Minn. LR 83.7(c).

The Minnesota Rules of Professional Conduct allow permissive withdrawal of counsel where a client "refuses to abide by the terms of an agreement relating to the

---

(...continued)

withdraw unless the obligation is fulfilled;

(4) the representation has been rendered unreasonably difficult by the client; or

(5) other good cause for withdrawal exists.

In addition, Rule 1.16(c) makes plain that, "[i]f permission for withdrawal from employment is required by the rules of a tribunal, a lawyer shall not withdraw from employment in a proceeding before that tribunal without its permission."

representation, such as an agreement concerning fees or court costs or an agreement limiting the objectives of the representation." Comment to Rule 16(b), Minnesota Rules of Professional Conduct. Here, the uncontradicted representations of defense counsel reflect that Aslesen has failed to provide payment for services rendered, even after he was advised that his failure to make such payment would result in a Motion by Pearson to Withdraw as counsel. Moreover, given defense counsel's representation that Aslesen has informed Pearson of his desire to represent himself in any post-Judgment collection proceedings, we see little benefit to the Court, or to the parties, of requiring Aslesen, and Pearson, to remain in an attorney-client relationship where Pearson faces the likelihood of providing further services without compensation, and Aslesen faces the prospect of incurring a further indebtedness to Pearson. Notably, the case has proceeded to Judgment and, to date, we are unaware of any collection proceedings against Aslesen. Therefore, finding that Pearson has established good cause to withdraw from its representation of Aslesen, we grant Pearson's Motion.

As an additional matter, the Government filed a Motion for an Order of Sale on March 23, 2006, in which it requested the sale of the parcel of real property that was identified in the Judgment. However, as we related at the Hearing, the Government's Motion failed to comply with the Local Rules, which govern Motions practice in this

District, in that no Hearing date was obtained, the Motion was not properly noticed, and the Government did not file a Memorandum of Law in support of its Motion. See, D. Minn. LR 7.1(a)(1). Therefore, we direct the Clerk of Court to strike the Government's Motion for an Order of Sale, for noncompliance with the Local Rules.

NOW, THEREFORE, It is –

ORDERED:

1. That the Motion of the Law Firm of Pearson, Christensen, Cahill & Clapp, PLLP to Withdraw as Counsel for the Defendant Wayne Aslesen [Docket No. 88] is GRANTED.

2. That the Clerk of Court is directed to Strike the Government's Motion for an Order of Sale [Docket No. 94] for noncompliance with our Local Rules.

BY THE COURT:

Dated: May 1, 2006

s/Raymond L. Erickson
Raymond L. Erickson
CHIEF U.S. MAGISTRATE JUDGE