UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>DOUGLAS R. ASKEGARD, individually and as personal representative of the ESTATE OF GLADYS M. ASKEGARD; DAVID ASKEGARD; WAYNE ASLESEN; AILEEN ASKEGARD CLOUGH, individually and as trustee of the CLOUGH FAMILY TRUST and JOHN DOE, trustee of the CLOUGH FAMILY TRUST,<br><br>Defendants. | Civil No. 01-CV-845 (RLE) |

STIPULATION TO ENTRY OF ORDER OF SALE

The plaintiff, United States, and the defendants, Douglas R. Askegard, individually and as personal representative of the Estate of Gladys M. Askegard; David Askegard; Wayne Aslesen; Aileen Askegard Clough, individually, and as trustee of the Clough Family Trust, through their undersigned counsel, stipulate to the entry of an Order of Sale pursuant to 28 U.S.C. §§ 2001 and 2002, directing the sale of real property located in Clay County, MN, and described below, in which defendant, Estate of Gladys Askegard, has an interest, and the Order of Sale terms are:

1. On September 30, 2005, the United States obtained a judgment against the Estate of Gladys Askegard for unpaid estate tax liabilities in the sum of $374,612.57, plus interest at the rate prescribed by 26 U.S.C. §6621, from July 1, 2000, until paid; and a judgment against Aileen Askegard Clough in the amount of $204,552 plus interest at the rate prescribed by Minn. Stats. § 549.09, Subdivision 1(c), from the date of entry of the judgment until the judgment is paid; and a judgment against the Clough Family Trust in the amount of $204,502 plus interest at the rate

prescribed by Minn. Stats. § 549.09, Subdivision 1(c), from the date of entry of the judgment until the judgment is paid. The Court ordered that the United States has valid and subsisting liens, by virtue of the June 21, 1982, and April 2, 1984, assessments against the Estate, and by virtue of a lien for estate tax deferred on all property belonging to the Estate of Gladys Askegard, including the real property located at in Clay County, Minnesota; and that the United States is entitled to foreclose its tax liens against the real property described above; and that the Property will be sold pursuant to further Order of the Court.

2. The Internal Revenue Service (hereinafter referred to as "IRS" and including its authorized agents or officers), is authorized and directed under 28 U.S.C. §§ 2001 and 2002, to proceed forthwith, without further order or process, to offer for sale at public auction, to advertise and sell, without appraisal and subject to any unpaid real property taxes or special assessments, to the highest bidder, according to law and pursuant to the terms and conditions set forth herein, the real property in which the Estate of Gladys Askegard has an interest, such property located in Clay County ("Property"), and described as:

> The Southwest Quarter (SW 1/4) of Section 16, Township 137, Range 48 West of the Fifth Principal Meridian, Clay County, Minnesota, LESS all that part of the Southwest Quarter of Section 16, Township 137 North, Range 48 West of the Fifth Principal Meridian, which is included within the following metes and bounds description:
>
> Commencing at a Point on the West Line of Section 16, Township 137 North, Range 48 West of the Fifth Principal Meridian, Clay County, Minnesota, said Point being located 2,396.56 feet North of the Southwest Corner of said Section, as measured along said West Section Line; thence bear North 90°00'00" East along a line which is perpendicular to the East Right-of-Way Line of Trunk Highway No. 75 a distance of 75.00 feet, more or less, to a Point of Intersection with said East Right-of-Way Line, said Point of Intersection being also the Point of

> Beginning of the tract of land herein described; thence North 88º49'27" East a distance of 360.08 feet; thence South 00º00'00" West a distance of 242.00 feet; thence South 88º49'27" West a distance of 360.08 feet, more or less, to a Point of Intersection with the aforementioned East Right-of-Way Line of Trunk Highway No. 75; thence North 00º00'00" East along said Right-of-Way Line a distance of 242.00 feet, more or less, to the Point of Beginning.

3. The Order of Sale shall act as a Special Writ of Judicial Sale, and no further order or process from the Court shall be required.

4. The sale of real property is ordered pursuant to 28 U.S.C. § 2001(a), and is made without right of redemption.

5. The IRS is authorized to have free access to the Property until the deed to the Property is delivered to the ultimate purchaser.

6. The real property described above shall be sold pursuant to the following terms and conditions:

A. The sale of the Property shall be free and clear of the interests of the Estate of Gladys Askegard, Aileen Askegard Clough, and the Clough Family Trust, and all parties to this action.

B. The sale shall be subject to building lines, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the Property, and easements and restrictions of record, if any.

C. The sale shall be held either at the federal courthouse of the judicial district in which the Property is located, at the Clay County Courthouse, at the office of the IRS, or on the Property's premises.

D. The date and time for sale are to be announced by the IRS. The IRS is permitted to enter the Property and prospective buyers shall be allowed to inspect the Property at such time as

the IRS shall determine is reasonable and convenient.

E. Notice of the sale shall be published once a week for at least four consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in Clay County, and at the discretion of the IRS, by any means deemed appropriate. The notice shall contain a description of the Property and shall contain the terms and conditions of sale in this Order of Sale.

F. The minimum bid shall be $220,000. If the minimum bid is not met or exceeded, the IRS may, without further permission of this Court, and under the terms and conditions in this Order of Sale, hold a new public sale, if necessary.

G. The successful bidder(s) shall be required to deposit $10,000 with the IRS by certified or cashier's check or cash payable to the United States District Court for the District of Minnesota, immediately upon the Property being struck off and awarded to the highest bidder. Before being permitted to bid at the sale, bidders shall display to the IRS proof that they are able to comply with this requirement. No bids will be received from any person(s) who have not presented proof that, if they are the successful bidder(s), they can make the payment required by this Order of Sale.

I. The United States may bid as a creditor against its judgment without tender of cash.

J. The sale of the Property shall be subject to the confirmation by this Court.

K. No later than thirty (30) days after the sale is confirmed by the Court, the balance of the purchase price shall be tendered to the IRS by certified funds, payable to the United States District Court for the District of Minnesota, If the bidder fails to fulfill this requirement, the deposit shall be forfeited and the Property shall again be offered for sale or sold to the second

highest bidder without further permission of this Court, under the terms and conditions of the Order of Sale.

L. On confirmation of the sale and receipt of the entire purchase price, the IRS shall execute and deliver a deed of judicial sale conveying the Property to the purchaser. On confirmation of the sale, all interests in, liens against, or claims to the Property that are held or asserted by all parties to this action are discharged and extinguished.

M. No later than twenty (20) days after receipt of the balance of the purchase price, the IRS shall file a report of sale with the Court, together with a proposed order of distribution of the sale proceeds; and

N. Until the Property is sold, defendants Estate of Gladys Askegard, Aileen Askegard Clough, and the Clough Family Trust shall take all reasonable steps necessary to preserve the Property in its current condition. They shall neither commit waste against the Property nor cause or permit anyone else to do so. They shall neither do anything that tends to reduce the value or marketability of the Property nor cause or permit anyone else to do so. The defendants shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements or posting signs) that may directly or indirectly tend to affect adversely the value of the Property or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall they permit or cause anyone else to do so.

O. All persons occupying the Property shall leave and vacate the Property permanently within sixty (60) days from the date of entry of the Order of Sale, each taking with them his or her personal property including crops (but leaving all improvements, buildings, fixtures, and appurtenances to the Property). If any person fails or refuses to leave and vacate the Property by

the time specified in the Order of Sale, the IRS will coordinate with the United States Marshal for the District of Minnesota and his deputies to take all actions that are reasonably necessary to bring about the ejectment of those persons. If any person fails or refuses to remove his or her personal property from the Property by the time specified herein, the personal property remaining on the Property thereafter is deemed forfeited and abandoned, and the IRS will coordinate with the United States Marshal and his deputies to remove it and to dispose of it in any manner they see fit, including sale, in which case the proceeds of the sale are to be applied first to the expenses of sale and the balance to be paid into the Clerk of the United States District Court for the District of Minnesota for further distribution.

P. Until the Property is sold, defendants Estate of Gladys Askegard, Aileen Askegard Clough, and the Clough Family Trust bear the risk of loss, if any, regarding the Property. And should the Property be destroyed prior to its sale and the defendants be entitled to insurance proceeds, such insurance proceeds shall be paid into the Clerk of the United States District Court for the District of Minnesota for further distribution.

Q. The defendants Estate of Gladys Askegard, Aileen Askegard Clough, and the Clough Family Trust, agree to forbear entering into any further contract, rental or lease agreement regarding the Property.

R. The United States agrees to accept the proceeds from the sale of the Property in full satisfaction of the judgments against Aileen Askegard Clough and the Clough Family Trust as set forth in ¶1, above.

S. The proceeds of sale shall be distributed in the following order:

1. To the IRS for the administrative costs of the sale of the Property;

2. To the Treasurer of Clay County, Minnesota, for any unpaid real estate taxes; and

3. To Pearson Christensen & Clapp, PLLP, in the amount of $1,500 for fees and costs;

4. To the United States Department of Justice to be applied to the judgment debts of Aileen Askegard Clough and the Clough Family Trust with any amounts being credited to both debts simultaneously;

5. To the United States for $2,399.12 in costs awarded in this action; and then

6. To the unpaid estate tax liabilities of the Estate of Gladys Askegard.

T. No later than thirty (30) days after distributing the proceeds, the IRS shall file a final report of distribution with the Court after which the Court shall close the case.

IT IS SO STIPULATED AND AGREED

RACHEL K. PAULOSE
United States Attorney

s/ Mary E. Bielefeld
MARY E. BIELEFELD, DC # 384603
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 7238
Washington, D.C. 20044
Tel: (202) 514-9375
Fax: (202) 514-6770
E-mail: mary.e.bielefeld@usdoj.gov
Central.taxcivil@usdoj.gov
Attorneys for Plaintiff

PEARSON CHRISTENSEN & CLAPP, PLLP
Attorneys-at-Law

s/ Jon J. Jensen
JON J. JENSEN, MN ID #0214139
24 N. 4TH Street, P.O. Box 5758
Grand Forks, ND 58206-5758
Tel: (701) 775-0521
Fax: (701) 775-0524
E-mail: jjensen@grandforkslaw.com
marie@grandforks.com
Attorneys for Defendants