UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DOUGLAS R. ASKEGARD, individually and as personal representative of the ESTATE OF GLADYS M. ASKEGARD; DAVID ASKEGARD; WAYNE ASLESEN; AILEEN ASKEGARD CLOUGH, individually and as trustee of the CLOUGH FAMILY TRUST and JOHN DOE, trustee of the CLOUGH FAMILY TRUST,<br><br>Defendants. | ) | Civil No. 01-CV-845 (RLE) |

EXHIBITS IN SUPPORT OF UNITED STATES'
MOTION FOR CONFIRMATION OF SALE

RACHEL K. PAULOSE
United States Attorney

s/ Mary E. Bielefeld
MARY E. BIELEFELD, DC #384603
Senior Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 7238, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 514-9375; Fax: (202) 514-6770
E-mail: Mary.E.Bielefeld@usdoj.gov
Central.taxcivil@usdoj.gov

2193171.1

## AFFIDAVIT OF PUBLICATION

**STATE OF MINNESOTA**
**COUNTY OF CLAY**

**Heather Dahl**, being duly sworn, on oath she is and during all the times herein stated has been the Legal Advertising Clerk of the newspaper known as ***THE FORUM*** and has full knowledge of the facts herein stated as follows: (1) Said newspaper is printed in the English language in newspaper format and in column and sheet form equivalent in printed space to at least 900 square inches. (2) Said newspaper is a daily and is distributed at least five days each week, or four days in a week in which a legal holiday is included. (3) Said newspaper has 25% of its news columns devoted to news of local interest to the community which it purports to serve and does not wholly duplicate any other publication and is not made up entirely of patents, plate matter and advertisements. (4) Said newspaper is circulated in and near the municipality which it purports to serve, has at least 500 copies regularly delivered to paying subscribers, has an average of at least 75% of its total circulation currently paid or not more than three months in arrears and has entry as second-class matter in its local post office. (5) Said newspaper purports to serve the City of Moorhead in the County of Clay and it has its known office of issue in the City of Moorhead in said county, established and open during its regular business hours for the gathering of news, sale of advertisements and sale of subscriptions and maintained by the managing officer of said newspaper or persons in its employ and subject to his direction and control during all such regular business hours and devoted exclusively during such regular business hours to the business of the newspaper and business related thereto. (6) Said newspaper files a copy of each issue immediately with the State Historical Society. (7) Said newspaper is made available at single or subscription prices to any person, corporation, partnership or other unincorporated association requesting the newspaper and making the applicable payment. (8) Said newspaper has complied with all the foregoing conditions for at least one year preceding the day or dates of publication mentioned below. (9) Said newspaper has filed with the Secretary of State of Minnesota prior to January 1, 1966 and each January 1 thereafter an affidavit in the form prescribed by the Secretary of State and signed by the managing officer of said newspaper and sworn to before a notary public stating that the newspaper is a legal newspaper.

She further states on oath that the printed **Notice** hereto attached as a part hereof was cut from the columns of said newspaper, and was printed and published therein in the English language, once each week, for **Five (5) successive** weeks; that it was first so published on **Sunday** the **17th** day of **December 2006** and was thereafter printed and published on every **Sunday** to and including the **14th** day of **January 2007** and that the following is a printed copy of the lower case alphabet from A to Z, both inclusive, and is hereby acknowledged as being the size and kind of type used in the composition and publication of said notice, to wit:

(abcdefghijklmnopqrstuvwxyz)

Heather Dahl

Subscribed and sworn to before me this 26 day of January, 2007

Jessica L Brakke

JESSICA L BRAKKE
NOTARY PUBLIC—MINNESOTA
My Commission Expires JAN 31, 2008

# Notice of Real Estate Auction Judicial Sale

Under an Order of Judicial Sale entered in United States of America vs. Douglas R. Askegard, individually and as personal representative of the Estate of Gladys M. Askegard; David Askegard; Wayne Aslesen; Aileen Askegard Clough, individually and as trustee of the Clough Family Trust and John Doe, trustee of the Clough Family Trust, Civil No. 01-CV-845-RLE (USDC D. Minn), signed on September 20, 2006, the United States will offer to sell at public auction property located in Clay County, MN.

**Date of Sale:** Wednesday, January 17, 2007
**Time of Sale:** 10:00 A.M.
**Location of Sale:** Clay County Courthouse, 807 11th Street N., Moorhead, MN 56560
**Minimum Bid:** $220,000

**Legal Description:**
The Southwest Quarter (SW 1/4) of Section 16, Township 137, Range 48 West of the Fifth Principal Meridian, Clay County, Minnesota, LESS ALL THAT PART OF THE Southwest Quarter of Section 16, Township 137 North, Range 48 West of the Fifth Principal Meridian, which is included within the following metes and bounds of description: Commencing at a Point on the West Line of Section 16, Township 137 North, Range 48 West of the Fifth Principal Meridian, Clay County, Minnesota, said Point being located 2,396.56 feet North of the Southwest Corner of said Section as measured along said West Section Line; thence bear North 90 degrees 00'00" East along a line which is perpendicular to the East Right-of-Way Line of Trunk Highway No. 75 a distance of 75.00 feet, more or less, to a Point of intersection with said East Right-of-Way Line, said Point of Intersection being also the Point of Beginning of the tract of land herein described; thence North 88 degrees 49'27" East a distance of 360.08 feet; thence South 00 degrees 00'00" West a distance of 242.00 feet; thence South 88 degrees 49'27" West a distance of 360.08 feet, more or less to a Point of intersection with the aforementioned East Right-of-Way Line of Trunk Highway No. 75; thence North 00 degrees 00'00" East along said Right-of-Way Line a distance of 242.00 feet, more or less, to the Point of Beginning.

**Terms and Conditions of Sale:**
The successful bidder shall be required to deposit with the Internal Revenue Service (IRS), Property Appraisal and Liquidation Specialist, $10,000 by certified or cashier's check or cash payable to the United States District Court for the District of Minnesota, immediately upon the Property being struck off and awarded to the highest bidder. Before being permitted to bid at the sale, bidders shall display to the IRS proof that they are able to comply with this requirement. No bids will be received from any person(s) who have not presented proof that, if they are the successful bidder(s), they can make the payment required by this Order of Sale.

The balance of the sale price must be tendered to IRS by certified funds, payable to the United States District Court for the District of Minnesota no later than thirty (30) days after the sale is confirmed by the court. If the bidder fails to fulfill this requirement, the deposit shall be forfeited and the Property shall again be offered for sale or sold to the second highest bidder without further permission of the Court under the terms and conditions of the Order of Sale. The United States may bid as a creditor against its judgment without tender of cash.

The government reserves the right to reject any and all bids and to withdraw the Property from sale. The sale shall be free and clear of the interests of the Estate of Gladys Askegard, Aileen Askegard Clough and the Clough Family Trust, and all parties to Civil No. 01-CV-845-RLE. The sale shall be subject to building lines, if established, all laws, ordinances and governmental regulation (including building and zoning ordinances), affecting the Property, and easements and restrictions of record, if any.

The sale is ordered pursuant to 28 U.S.C Sec. 2001(a), and is made without right of redemption. The Property is offered "as is" and "where is" and without recourse against the United States. The United States makes no guaranty or warranty of condition of the Property, or its fitness for any purpose. The United States will not consider any claim for allowance or adjustment or for the rescission of the sale based on failure of the Property to comply with any expressed or implied representation.
The sale of the Property is subject to confirmation by the Court. On confirmation of the sale and receipt of the entire purchase price, the IRS shall execute a deed of judicial sale conveying the Property to the purchaser. On confirmation of the sale, all interest in, liens against, or claims to the Property that are held or asserted by all parties in Civil No. 01-CV-845-RLE, are discharged and extinguished.

**Important Information**
This is not an advertisement of a sale of seized property. This is an information notice only regarding a sale being conducted by the IRS as a result of the foreclosure of an IRS Federal Tax lien by the U. S. Department of Justice.

Addition information can be found at:
**www.irsacutions.gov.**
It is important that any interested purchaser contact Property Appraisal and Liquidation Specialist Janell Petersen at 651-249-3830 for more information regarding this sale.

**PUBLICATION FEES**

........2"x11"....straight composition
.......5.........times @..............$1708.80
**Total $1708.80**

PENGAD-Bayonne, N. J.
**PLAINTIFF'S EXHIBIT**
A

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>DOUGLAS R. ASKEGARD, individually and as personal representative of the ESTATE OF GLADYS M. ASKEGARD; DAVID ASKEGARD; WAYNE ASLESEN; AILEEN ASKEGARD CLOUGH, individually and as trustee of the CLOUGH FAMILY TRUST and JOHN DOE, trustee of the CLOUGH FAMILY TRUST,<br><br>Defendants. | Civil No. 01-CV-845 (RLE) |

DEED TO REAL PROPERTY

On September 30, 2005, the United States obtained a judgment against the Estate of Gladys Askegard for unpaid estate tax liabilities in the sum of $374,612.57, plus interest at the rate prescribed by 26 U.S.C. §6621, from July 1, 2000, until paid; and a judgment against Aileen Askegard Clough in the amount of $204,552 plus interest at the rate prescribed by Minn. Stats. § 549.09, Subdivision 1(c), from the date of entry of the judgment until the judgment is paid; and a judgment against the Clough Family Trust in the amount of $204,502 plus interest at the rate prescribed by Minn. Stats. § 549.09, Subdivision 1(c), from the date of entry of the judgment until the judgment is paid. The Court ordered that the United States has valid and subsisting liens, by virtue of the June 21, 1982, and April 2, 1984, assessments against the Estate, and by virtue of a lien for

PENGAD-Bayonne, N. J.
PLAINTIFF'S EXHIBIT

estate tax deferred on all property belonging to the Estate of Gladys Askegard, including the real property located at in Clay County, Minnesota; that the United States is entitled to foreclose its tax liens against the real property; and that the Property will be sold pursuant to further Order of the Court.

On September 20, 2006, the United States District Court for the District of Minnesota entered an Order of Sale which acted as a special writ of judicial sale which, pursuant to 28 U.S.C. § 2001(a), authorized and directed the Internal Revenue Service to offer for sale at public auction, to advertise and sell, without appraisal and subject to any unpaid real property taxes or special assessments, to the highest bidder, the property in which the Estate of Gladys Askegard has an interest, such property located in Clay County, Minnesota ("Property").

The September 20, 2006, Order of Sale further provided that on confirmation of the sale, all interests in, liens against, or claims to the Property that are held or asserted by the Estate of Gladys M. Askegard, Aileen Askegard Clough, the Clough Family Trust, and all other parties to this action are discharged and extinguished without right of redemption, and on confirmation of the sale and receipt of the entire purchase price, the IRS shall execute and deliver a deed of judicial sale conveying the Property to the purchaser.

WHEREAS, Notices of Real Estate Auction Judicial Sale were placed in *The Forum* for four consecutive weeks (December 24, 31, 2006, and January 7, 14, 2007), and

in the *Valley Midweek Marketplace* for two consecutive weeks (January 3, 10, 2007), newspapers of general circulation in Clay County, Minnesota, where the Property is located, in accordance with the terms of the Order of Sale.

On January 17, 2007, in accord with the terms of the notice of auction judicial sale, the Property described herein was duly offered for sale by an Internal Revenue Service PALS by public sale auction. The highest bid received at said sale was for Three Hundred Forty One Thousand Dollars ($341,000), and was made by Edwin D. Askegaard, Thomas P. Askegaard, and Andrew A. Askegaard, hereinafter called the Purchasers. The said highest bid, being equal to or higher than the minimum bid previously set, was duly accepted and the Property described herein was declared sold to the Purchasers by Janell Petersen, an IRS Property Appraisal and Liquidation Specialist (PALS).

The Purchasers deposited $10,000 with PALS and the United States sent the $10,000 check to the Clerk of the United States District Court, Minneapolis, MN, where on January 25, 2007, the Court directed the Clerk of Court to deposit the check into a secure, interest-bearing account.

By Order Confirming Sale entered on ___________, 2007, and receipt by PALS of Three Hundred Thirty-One Thousand Dollars, $331,000, the balance of the accepted bid, the Purchasers have become entitled to receive a deed for the Property described herein. By Order of Distribution entered on _____________, 2007, the Clerk was directed to distribute the proceeds of the auction judicial sale.

Since all things have been done which are required by law to be done to pass title to the property described herein, the Purchasers have become entitled to receive a deed for the Property.

NOW, THEREFORE, I, Mary W.Collie, Technical Services Group Manager in the Internal Revenue Service Small Business/Self-Employed Division (SB/SE), Mid-Central Area, an authorized delegate of the United States Treasury, Grantor, do hereby quitclaim, grant, bargain, sell, transfer and convey to Edwin D. Askegaard, Thomas P. Askegaard, and Andrew A. Askegaard, Grantees, of 2152 160th Avenue S., Comstock, Minnesota 56525, their heirs and assigns, the following described real property:

> The Southwest Quarter (SW 1/4) of Section 16, Township 137, Range 48 West of the Fifth Principal Meridian, Clay County, Minnesota, LESS all that part of the Southwest Quarter of Section 16, Township 137 North, Range 48 West of the Fifth Principal Meridian, which is included within the following metes and bounds description:
>
> Commencing at a Point on the West Line of Section 16, Township 137 North, Range 48 West of the Fifth Principal Meridian, Clay County, Minnesota, said Point being located 2,396.56 feet North of the Southwest Corner of said Section, as measured along said West Section Line; thence bear North 90°00'00" East along a line which is perpendicular to the East Right-of-Way Line of Trunk Highway No. 75 a distance of 75.00 feet, more or less, to a Point of Intersection with said East Right-of-Way Line, said Point of Intersection being also the Point of Beginning of the tract of land herein described; thence North 88°49'27" East a distance of 360.08 feet; thence South 00°00'00" West a distance of 242.00 feet; thence South 88°49'27" West a distance of 360.08 feet, more or less, to a Point of Intersection with the aforementioned East Right-of-Way Line of Trunk Highway No. 75; thence North

00°00'00" East along said Right-of-Way Line a distance of 242.00 feet, more or less, to the Point of Beginning.

in Clay County, Minnesota.

To have and to hold the same with all appurtenances and hereditaments thereto belonging to Edwin D. Askegaard, Thomas P. Askegaard, and Andrew A. Askegaard, their heirs and assigns, forever.

IN WITNESS, WHEREOF, the Grantor has hereunto set her hand on this ____ day of ________________, 2007.

____________________________________
Mary W. Collie, Group Manager
SB/SE Technical Services, Mid-Central Area
Internal Revenue Service

STATE OF WISCONSIN )
) ss.
MILWAUKEE COUNTY )

Be it remembered on this _____ day of ______________, 2007, before me, Kathleen L. Briggs, a notary public, personally appeared, Mary W. Collie, Group Manager, SB/SE Technical Services, Mid-Central Area, personally known to me to be the same person who is described in and who executed the foregoing deed to real property in her official capacity with the Internal Revenue Service.

In witness whereof, I have hereunto set my hand and official seal, at said county, the date and year last written above.

______________________________
Kathleen L. Briggs, Notary Public
State of Wisconsin, Milwaukee County

Affix Seal

My commission expires on May 6, 2007.

Drafted by: Mary E. Bielefeld, DC# 384603
Senior Trial Attorney, Tax Division
U.S. Department of Justice, P.O. Box 7238
Ben Franklin Stat., Washington, D.C. 20044

Tax Statement should be sent to:
Edwin D. Askegaard
108 38th Ave. Circle South
Moorhead, MN 56560